172 So. 435

## CITY OF SHREVEPORT v. GREGORY.

### No. 34162.

Dec. 21, 1936.

Rehearing Denied Feb. 1, 1937.

J. H. Jackson and Bert B. Bodenheimer, both of Shreveport, for appellant.

George W. Hardy, Jr., of Shreveport, for appellee.

Chandler & Chandler, of Shreveport, amicus curiæ.

HIGGINS, Justice.

This is an appeal by the City of Shreveport from a judgment of the city court sustaining a motion to quash an affidavit filed under an ordinance charging the defendant with unlawfully operating a taxicab without proper bond and without registering the taxicab.

The defendant filed a motion to dismiss the appeal on the ground that this court did not have appellate jurisdiction, citing section 10, article 7, of the Constitution of 1921, making the point that only the legality and not the constitutionality of the ordinance was at issue.

In the case of Downs, Tax Collector, v. Dunn, 162 La. 747, at page 753, 111 So. 82, 84, this court disposed of this same issue in the following language:

"In a case where a *fine,* forfeiture or other penalty is sought to be imposed by a parish, municipal corporation, or other subdivision of the state, the question of appellate jurisdiction depends upon whether *the legality of the penalty* sought to be imposed upon any and all offenders is in contest, *or only the legality of the penalty* sought to be *imposed upon the individual defendant is in* contest; and that depends, of course, *upon whether the validity of the ordinance itself,* so far as it is sought *to impose the penalty* on any and all offenders *generally, is in contest. If it is not disputed, in such case, that the* *ordinance legally imposes the penalty on any person found guilty* of violating the ordinance, and if the question to be presented on appeal is merely whether the individual defendant has been legally convicted, the Supreme Court has not appellate jurisdiction; *but, if the constitutionality or legality of the imposition of the penalty as to any and all offenders—e. g., if it is contended that the ordinance itself does not impose the penalty constitutionally or legally—the Supreme Court has appellate jurisdiction to decide the question.*" (Italics ours.)

The motion to dismiss the appeal is denied.

The facts in the case are undisputed. The record shows that on a proper petition presented by the electors of the City of Shreveport, in accordance with the provisions of Act No. 302 of 1910, as amended, the city council of Shreveport adopted Ordinances Nos. 20 and 22 of 1932, regulating the bonding and registering of taxicabs or vehicles transporting passengers, for hire, operating on the streets of the city; that during the year 1936 the electors of the city again presented a petition in accordance with the provisions of Act No. 302 of 1910, requesting the adoption of an ordinance covering the same subject matter proposed in the petition of 1932, and for the repeal of Ordinances Nos. 20 and 22 of 1932, and the city council again adopted the ordinance in conformity with the petition; that the defendant was charged with having unlawfully operated his taxicab on the streets of the city by not having it properly bonded and registered with the secretary-

treasurer of the city; that he filed a motion for a bill of particulars, requesting the city to specify under what ordinance he was being prosecuted—under the ordinance of 1936 or 1932; that the city objected to electing what ordinance he was being prosecuted under, contending that it was only necessary to set forth that he had violated the law, without stipulating the number of the ordinance; that the trial court then concluded that the prosecution was under Ordinance 30 of 1936, because that ordinance set forth that the city council, upon petition of the electors, had repealed Ordinances 20 and 22 of 1932, the other ordinances covering this subject matter; and that the city judge then sustained the motion to quash on the ground that under the provisions of section 14 of Act No. 302 of 1910 the initiative Ordinances Nos. 20 and 22 of 1932 could not be repealed or amended, except by vote of the people, and therefore the ordinance of 1936 was null and void in its attempt to repeal the earlier ordinances, because Ordinance 30 of 1936 had not been submitted to a vote of the people. The city then appealed.

■ Section 14 of Act No. 302 of the General Assembly of 1910, which statute is known as the "Commission form of Government Act," under which the City of Shreveport functions, provides certain specific rules and regulations with reference to initiative petitions, and reads as follows:

"If a majority of the qualified electors voting on the proposed ordinance shall vote in favor thereof, such ordinance shall thereupon become a valid and binding

ordinance of the city; and any ordinance proposed by petition, or which shall be adopted by a vote of the people, cannot be repealed or amended (except) by a vote of the people." (Parenthesis ours.)

It is admitted that the word "except," which is inserted above in parenthesis, is not included in the act as printed. However, it is obvious that the provision would be meaningless and useless if the word "except" were not read into the context.

Section 5490, vol. 2, Dart's Louisiana General Statutes, sets forth section 14 of Act No. 302 of 1910, in full, and the following comment is found in a note of reference:

"In the fourth paragraph of this section, it would seem that the word 'except' should appear between the words 'amended' and 'by' in the provision 'any ordinance proposed by petition, or which shall be adopted by a vote of the people, can not be repealed or amended by a vote of the people.' See the parallel section in Acts 1912, No. 207, which appears as Dart's Stat. 1932, § 5468."

We therefore agree with our learned brother below that the word "except" must be read into the statute, in order to give it effect, and that the omission of this word was an oversight.

■ In determining whether or not Ordinance No. 30 of 1936 is legal or valid and in substantial conformity with Act No. 302 of 1910, we turn to section 14 of said act, upon which the defendant relies. It will be noted that this section of the act provides that the electors of a city

may submit any proposed ordinance to the city council by petition signed by the electors of the city, equal in number to 33 per centum of the votes cast for all candidates for mayor at the last preceding general election. Certain verifications, authentications, inspections, certifications, etc., are required.

Upon receiving the petition, properly certified, the city council may adopt one of two courses: (1) Pass the ordinance without alteration within twenty days after attachment of the certificate of the register of voters to the petition; or (2) forthwith, after the register of voters shall attach to the petition accompanying the ordinance his certificate of sufficiency, the council shall call a special election, unless a general municipal election is fixed within ninety days thereafter, and at such special or general municipal election, if one is so fixed, such ordinance shall be submitted without alteration to the vote of the electors of said city.

It is clear that the people of the City of Shreveport may obtain the passage of an ordinance by one of two means, i. e., a petition in proper form, or, if the council refuses to pass the ordinance submitted by the petition, by obtaining a majority vote in a special or general election upon the question.

Ordinance No. 22 of 1932, which was in effect prior to Ordinance No. 30 of 1936, was an initiative ordinance passed by the first method stated above, or by the city council upon presentation of the petition, as appears from the minutes of the city council meeting, dated April 12, 1932.

We also note that Ordinance No. 30 of 1936, which repeals Ordinance No. 22 of 1932, was passed by the same method, as shown by the minutes of the city council meeting on July 28, 1936.

To give the pertinent part of section 14 of Act No. 302 of 1910, directly involved in this case, the interpretation sought to be given it by the accused would necessarily result in destroying the effectiveness of the basic part of the section prescribing the form in which referendum ordinances should be passed. As has heretofore been pointed out, this section of the act of 1910 provides for an alternative to be followed by the council with reference to an ordinance submitted to it with the petition of the voters. If the court should follow the contention of the accused here—that an ordinance passed by the council, pursuant to a petition of the voters, in compliance with the first course under the alternative for the passing of such ordinance under the statute, can be amended or repealed only by an actual election by the people, as set out in the second course under the alternative, such construction would be tantamount to saying that the council was prohibited from passing a subsequent ordinance presented with a petition of the required number of qualified voters, repealing or amending a prior ordinance, as expressly provided for in section 14 of this act. Under such construction the council would be required to adopt the second course, under the alternative of the section, and submit such repealing or amending ordinance to a vote of the people at an election, in spite of the fact that the section of

the statute itself provides that the council may pass such referendum ordinance or submit it to a vote of the people. Stating the proposition in another manner, counsel for the accused would have the court hold that the city council was without power and legal right to pass Ordinance No. 30 of 1936, submitted with a petition of the required number of qualified voters, but was required to submit such ordinance to a vote of the people at an election. This is in the very teeth of the words of section 14 of the act that the city council had the alternative of either passing the ordinance or submitting it to a vote. We cannot give a construction to this statute which would deprive the city council of the right to pass the ordinance in compliance with the first course under the alternative, as clearly defined by the statute itself, and force this council to submit the ordinance to a vote of the people at an election.

We quote another pertinent part of section 14 of the Act No. 302 of 1910, to wit:

"The council may submit a proposition for the repeal of any such ordinance or for amendments thereto, to be voted upon at any succeeding general city election; and should such proposition so submitted receive a majority of the votes cast thereon at such election, such ordinance shall thereby be repealed or amended accordingly."

It is clear that the intention of the Legislature in enacting section 14 of Act No. 302 of 1910 was to enable the people of a city to obtain the passage of an ordinance with or without the consent of the city council under certain restrictions. After giving the people this right, it would be advisable, of course, to safeguard the right by preventing the city council, of its own initiative, from repealing or changing the ordinance desired by the people. Following this line of thought, we see that the act provides that, if the council wishes to amend an initiative ordinance, it can only do so at a general city election and by the support of the majority of the votes of the people of the city. It is quite evident that the purpose of the act is not to restrict the people from passing other initiative ordinances by method number (1), i. e., presenting a petition in proper form to the city council. The restriction, as to repealing or amending an initiative ordinance calling for an election, is a restriction imposed upon the city council and not upon the people, because the pertinent part of the section states: "The Council may submit, * * *" and further "to be voted upon at any succeeding general City election"; whereas the people, in obtaining the passage of an initiative ordinance by the express wording of the first part of the section, must be allowed a special municipal election, unless a general municipal election is fixed within ninety days from certification of the petition. We quote from section 14 of Act No. 302 of 1910: "The council shall call a special election, unless."

In support of this interpretation of the act, we quote article 18 of the Revised Civil Code of Louisiana, as follows:

"The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it."

In the case of State ex rel. New Orleans v. New Orleans & N. E. R. Co., 42 La. 138, 7 So. 226, it was held that, when a law is not entirely free from ambiguity, its construction may be facilitated by considering the cause which induced the Legislature to act.

State ex rel. Blaise v. New Orleans, 142 La. 73, 76 So. 244, decided that the motive of the Legislature in enacting a law cannot be inquired into by the courts, but the objects and purposes of the law may be considered in interpreting it.

. In Thibaut v. Board of Commissioners, 153 La. 501, 96 So. 47, the court stated that the object that the Legislature had in view should be ascertained and the interpretation adopted which best harmonizes with the context and the object.

Furthermore, a law may be repealed or amended with the same formality required for its passage.

We conclude that the ordinance is valid, having been legally adopted, and that therefore the judgment of the district court sustaining the motion to quash is erroneous.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from is annulled and set aside, the motion to quash the affidavit is overruled, and the case is remanded to the trial court for further proceedings according to law and consistent with the views herein expressed; defendant to pay all costs.