HAMITER, Justice.
The government of the City of Thibo-daux, according to the provisions of its charter (Act 266 of 1918, as amended), is known as the commission plan and is directed by three trustees (constituting the Board of Trustees) chosen by the qualified electors of the municipality. These officials are titled, respectively, Trustee of Public Safety (also he is Ex-Officio Mayor), Trustee of Finance, and Trustee of Public Property; and each has charge of and administers the department as indicated by his title.
*296 During the latter part of 1958 the Trustee of Public Safety (Mayor) employed for the city Whitney Joseph Gros, Noble Adolph Roundtree, William Wayne Rothman and Louis S. Oncale, the first three of whom were commissioned as policemen in the Public Safety Department and the last was engaged as a laborer. However, on December 20, 1958 the Board of Trustees, by a two to one vote, passed an ordinance authorizing itself to make all appointments of city personnel and to fix their compensation and tenure of employment. And on January 6, 1959 the Board of Trustees, pursuant to such ordinance and by a two to one vote, adopted a resolution listing the employed personnel for all of the departments.
From the list contained in such resolution the above named four persons were omitted, the effect of which was to terminate their employment with the city; and, as a consequence, they instituted the instant suit seeking (1) to obtain the annulment of the mentioned ordinance and resolution and (2) to prevent by injunction all interference with the performance of their duties as municipal employees.
Cited in the cause were the City of Tliibo-daux and its Trustees of the Departments of Public Property and Finance (they are hereinafter referred to as the defendants). Cited also was the Trustee of Public Safety (Mayor) ; however, he has joined plaintiffs in seeking to establish their rights to continue as employees of the city (he appointed them, voted against the above described ordinance and resolution, and we shall consider him hereinafter as a plaintiff).
The district judge concluded that with regard to all city affairs, including appointments of employees, the authority of the Board of Trustees (as an entity) is supreme. Accordingly, he dismissed plaintiffs’ suit.
On an appeal the Court of Appeal of the First Circuit reversed that ruling and entered judgment for plaintiffs as prayed for. See 116 So.2d 161. We granted certiorari.
Simply stated, the question presented by the litigation for determination is who, according to the Charter of the City of Thibo-daux, has the authority to employ and discharge the employees of that municipality (not including the Chief of Police, Clerk, City Attorney, and Assessor who, it is agreed, are properly selected by the Board of Trustees and serve at its pleasure) ?
With respect to such question plaintiffs contend that the mentioned authority is vested exclusively in the Trustee of Public Safety (Mayor) by virtue of the Charter’s section 14(f) which recites that “He shall have the authority to employ all such persons as he may deem proper for the efficient and orderly administration of the affairs of the town, except as otherwise provided in this charter; to fix their compensation and to discharge at will * * The defendants, on the other hand, contend that the Board of Trustees (as an entity) is granted the power to assume such authority (as it has sought to do through the afore described ordinance and resolution) by the Charter’s Section 25, the pertinent provisions of which are that “ * * * the Board of Trustees shall have power to authorize, by ordinance, the appointment of such salaried employee as may be necessary and determine the number that shall be employed in any department and to fix their compensation.”
When considered alone each of the cited two sections tends to sustain the stated respective contentions. But a consideration of the statutory charter as a whole, as all parties agree must be resorted to in determining the issue presented here, leads us to the conclusion that neither contention is tenable.
It is our opinion, in other words, that the charter’s provisions considered in their entirety manifest an intent that each of the three elected trustees shall have the sole power of employing and discharging the personnel authorized for and in the department which he directly controls and administers. Thus, Section 3 states that each *297 trustee “ * * * shall have charge of and administer the department as indicated by his title * * Again, Section 13 recites : “That the executive and administrative power, authority and duties of the Town shall be distributed among the three departments, as follows: First, Public Safety; second, Finance; and third, Public Property.” With respect to the Trustee of Public Property, Section 19 specifically states that he “ * * * shall have supervision over and the personal management of the several departments of the municipal water and electric light plant, and all employees of the said plant shall be under his direction and responsible to him for a faithful discharge of their respective duties, and under such rules and regulations as he may establish.” Certainly this language imports the granting of exclusive authority to the last named trustee to hire and fire the employees whom he directly supervises.
It is important to notice that the above quoted provisions of Section 14(f), on which plaintiffs rely, is qualified by the clause “except as otherwise provided in this charter.” Undoubtedly this exception contemplates the conflicting provisions to which we have just made reference, as well as others contained in the charter.
To be noticed also is that Section 25, on which defendants primarily depend, does not give to the Board of Trustees authority to appoint salaried employees for the several departments. Rather, it plainly states that the board shall have the power “to authorize, by ordinance, the appointment” of such salaried employees as may be necessary in operating the city’s government. This granted authority, unquestionably, is purely legislative or policy making in nature. Tending to support this conclusion is Section 10 which states: “That the Board of Trustees shall consist of the Trustees to be elected under this charter as hereinbefore provided, and in addition to the other powers granted it by this charter, it shall be vested with the legislative powers of the town provided for herein.”
It follows that inasmuch as three of the plaintiffs herein, namely Gros, Roundtree and Rothman, were employed by the Trustee of Public Safety, and commissioned as policemen in his department, such employees cannot be interfered with in the performance of their duties by either of the other two trustees or by the Board itself. As to the plaintiff Oncale, however, the record shows merely that he was employed as a laborer for the city without indicating in what particular department he was to render service. Hence, we cannot conclude that Oncale’s appointment by the Trustee of Public Safety was proper, and his demands will have to be dismissed as of nonsuit.
For the reasons assigned the judgment of the Court of Appeal is amended by nonsuit-ing the demands of the plaintiff Oncale; and, as thus amended, such judgment is affirmed.