HAMITER, Justice.
The City of Donaldsonville was incorporated by Act 139 of 1900, and under the provisions thereof its government was vested in a Mayor and a Board of Aldermen. In 1913 the city elected to change to the commission plan of government as set forth and outlined in Act 207 of 1912 (now LRS 33:501-571, inclusive), and continuously since that year it has been so governed. Its present commission council is composed of Dr. Dominic C. Foti, Commissioner of Public Health and Safety (also Mayor), and Joseph Montero II and Lawrence Regira, the Commissioners of Finance and of Streets and Parks, respectively, all of whom were elected during the early part of 1961.
On June 20, 1961 the council adopted two ordinances by a two to one vote (Dr. Foti cast the dissenting vote), the effect of which, insofar as the issues herein are concerned, was to declare that such governing body would have the right to determine the positions to be filled in each department and that it would have the power of appointment and removal of all employees of the city. On the same date, in conformity with the said ordinances, the council passed a resolution (by the same vote) which designated the mentioned positions to be filled, appointed or assigned certain named individuals thereto, and fixed the compensation to be paid each of the appointees.
Thereafter, Dr. Foti, alleging that the two ordinances and the resolution adopted June 20, 1961 were null and void as being ultra vires and in contravention of the provisions of the Revised Statutes relating to the commission form of government, instituted this suit against Montero and Regira seeking primarily to enjoin them from enforcing and proceeding under the mentioned council enactments and from in any way interfering with him in the performance of the powers and duties of his office of Mayor and Commissioner of Public Health and Safety, particularly in the hiring and discharging of most of the personnel needed in his department.
Answering, the defendants denied the alleged invalidity of the assailed ordinances and resolution.
The district court, after a trial of the merits, ruled in favor of plaintiff and ordered issuance of the permanent injunction prayed for. On appeal to the Court of Appeal, First Circuit, the judgment was reversed and the suit dismissed. 136 So.2d 784. We granted certiorari at the instance of plaintiff.
In the brief of plaintiff’s counsel filed in this court the following is said: “Simply stated, the question presented for determination is whether the Commissioner of Public Health and Safety and Ex-Officio Mayor of the City of Donaldsonville, acting under the authority of the Commission Plan of Government as set forth in LSA-R.S. 33 :501, et sequitur, has the authority to hire and fire the personnel of his department, not including the Chief of Police or Chief of the Fire Department, who it is agreed are properly elected by the Commission Council.”
Plaintiff, as well as the defendants, recognizes that a resolving of the dispute herein depends on a proper interpretation and application of the appropriate sections of the Revised Statutes which provide for the commission plan of government (LRS 33:-501-507, inclusive). And in support of the contention that he is entitled to hire and discharge most of the employees within his department Dr. Foti relies heavily on the following language (particularly that which is italicized) of LRS 33:531 :
“In municipalities having three members of the council, these powers and duties shall he distributed among three departments, as follows:
“(1) Department of public health and safety.
*791 “(2) Department of finance and public utilities.
“(3) Department of streets and parks.” (Italics ours.)
But nowhere in that language, or in any other language of the statute, is an individual councilman granted specific authority to make appointments. In fact, although Section 532 declares that each of the elected officials shall be a commissioner of one of the departments listed in Section 531, there is no statutory provision giving him charge of or the right to control all of the administrative affairs of his department.
Moreover, in taking the position that he does, plaintiff affords no effect whatever to the provisions of Section 523 or to those of Section 531 which immediately follow the part thereof largely relied on by him — provisions which principally form the basis for the contention of the defendants that the council is empowered to appoint the employees for each department.
Section 523 provides: “The council shall at its first meeting, or as soon as practicable thereafter, appoint by majority vote, subject to the provisions of any applicable civil service law, the following officers : municipal attorney, secretary-treasurer and tax collector, chief of police, chief of the fire department, auditor, civil engineer, municipal physician, and any other officers and assistants necessary for the efficient conduct of the affairs of the municipality. In municipalities having a population of less than forty thousand, with the exception of the chief of police and chief of the fire department, only the above named officers who are necessary for the efficient transaction of the affairs of the municipality shall be appointed. Any official or assistant appointed by the council may be removed from office at any time by a vote of a majority of the members of the council, subject to the provisions of any applicable civil service law.”
Concerning this section plaintiff contends that “assistants”, as used, does not contemplate “employees”, that if the latter had been intended they would have been specifically mentioned. But it seems to us that “employees” were contemplated inasmuch as that word was used in the next to last paragraph of Section 531, some of the provisions of which support the position of the defendants and read: “In all municipalities, the council may, by ordinance, change the name of the department of streets and parks to the department of public works, or any suitable name. The council shall determine the powers of and duties to he performed by a department. Subject to any applicable civil service law, the council shall prescribe the pozvers and duties of officers and employees; may assign particular officers and employees to one or more of the departments; may require any officer or employee to perform duties in two or more of the departments; and may make rules and regulations necessary for the proper and economical conduct of the affairs of the municipality.” (Italics ours.)
Too, the last quoted provisions, particularly the italicized portions thereof, clearly indicate (if not expressly state) that the council, not the individual members thereof, shall have complete appointive authority. In view of them it is inconceivable that a commissioner alone is vested with the power of appointing the employees in his department, especially since the council is expressly authorized to require any employee to perform duties in two or more departments.
Plaintiff suggests that since Section 523 sets out the names of certain officers to be appointed by the council the appointment of all other officers and the assistants is to be left to the individual commissioners as the heads of their respective departments. The suggestion appears untenable, for it fails to take cognizance of the difference between the language relied on in Section 523 and that of Section 531. The former is mandatory, while the latter is not. Thus, in Donaldsonville the council, according to Section 523, must appoint a Chief of Police and a Chief of *792 the Fire Department. However, under Section 531 the council may assign (or appoint) such other officers and employees to, and prescribe their duties in, one or more of the departments (all as it deems necessary).
This court has not had occasion previously to pass on the primary issue presented herein, as is conceded by the litigants. Nevertheless, in his brief to this court the plaintiff asserts “that the bulwark in our case-law position is the recently settled case of Gros et al. v. Thibodaux et al. (Sup. Ct., 1960), 240 La. 279, 122 So.2d 295.” But we do not find that the conclusions in that case have any material bearing on the principal question raised here. We recognize, of course, the general holding therein to the effect that we should consider the entire charter of the City of Thibodaux (a special legislative enactment incorporating the city involved) in determining where the appointive power for employees of that municipality lay. Likewise, here we have examined all applicable sections of the Revised Statutes (relating to the commission plan of government) in order to make a determination of the same issue respecting the City of Donaldsonville.
Incidentally, the position of the plaintiff herein seemingly runs counter to the holding of the Gros case, for he would have us decree that he has the exclusive appointing power in his department by virtue of an implied grant in Section 531 (the provision relative to the distribution of powers among the three departments) without giving any consideration to the remaining sections. Nevertheless, because plaintiff has placed so much emphasis on the Gros case, we deem it appropriate to point out its distinguishing feature.
In that case we noted that there appeared to be a conflict between specific charter provisions, two separate sections apparently having placed the appointive power for employees in different hands (one placing it in the Mayor and the other in the trustees as a board); however, there were other provisions of the Thibodaux charter, cited by us, which we felt evidenced an intent to grant exclusive authority to the individual trustees for each to> hire and discharge the employees whom' he directly supervised. No such conflict appears here.
True, a provision common to both the Thibodaux charter and the statute with which we are now concerned is one stipulating that the powers and duties of the municipality should be distributed among three departments. But we think that in the instant case this provision alone (it supports plaintiff’s position, if at all, only by implication) cannot prevail so as to give to each commissioner the right to hire and discharge the employees in the department he supervises, especially in view of the specific language granting authority to the council for the assignment of employees.
Also relied on by this plaintiff is Dawkins v. Bazer, 172 La. 327, 134 So. 238. Clearly, this case is not controlling. In distinguishing it from the present litigation the Court of Appeal correctly observed: “Thus we see that the contest in this case [Dawkins] was between the superintendent of the department of public safety for the City of Shreveport and the Chief of Police and nowhere was any contention made that the Council alone had such authority and the Council was not a party to this suit. In other words, the decision is not authority for a specific holding that the appointive power of the personnel of the police department and the fire department rests with the Commissioner of Public Health and Safety rather than the Council for the question was not before the Court nor considered by the court and the Council was not a party.” (Brackets ours.)
It is suggested by plaintiff that to deny each commissioner complete and total supervision of his department, and to place the administrative functions thereof in the council, would do violence to the concept of the commission form of government. He conceives such plan as being designed to *793 take from the council the management of the city’s affairs and place it in individual •commissioners who may act in regard to their respective departments as they will, leaving the council to be nothing more than a legislative body. But plaintiff is in error as to this concept of the commission plan of government, quite aside from the above referred to provisions of the Revised Statutes of Louisiana which give to the ■council the right to administer the affairs ■of the municipality — even to determine the powers of and the duties to be performed “by each department. Thus in McQuillin’s Municipal Corporations, Third Edition, Volume 2, Section 9.20, pages S15 — 524 it is pointed out that while there are some differences in the degree of independent control given to the administrative officers in statutes which provide for the commission form of government such form, essentially, ■contemplates the operation of the municipality by a board vested with both legislative and administrative authority, and that in order “That the commission form may work well, the city or town must have a commission (a unified city government), not merely commissioners conducting the .several departments as distinct and separate entities. This is true because any form of government must depend upon personnel, and all its parts must function in harmony, and not operate independently. * * y>
Also pertinent here is the following observation contained in the same authority in 'Volume 3, Section 12.74, page 289, to-wit: * * * the general rule is often applied to appointments that ‘whenever a power is conferred upon a municipal corporation by the legislature, and no officer or person is expressly authorized to exercise such power, the common council of the municipality is the only authority which can exercise it. It is the general agent of the municipality.’ (Italics ours.)
After reviewing the provisions of L.RS 33:501-571, inclusive, we are of the ■opinion,that the Court of Appeal was correct in its conclusion that the power of appointment and discharge of all officers, assistants and other employees of the City of Donaldsonville is in the council and that the assailed ordinances and, resolution are legal and valid.
For the reasons assigned the judgment of the Court of Appeal dismissing plaintiff’s suit is affirmed.