Dear Ms. Kuehl:
Our office received an opinion request from you concerning the ex officio member of the St. Bernard Library Board of Control (Library Board). Your letter provides that the parish president appointed a designee to serve as the ex officio member of the Library Board, and that such designee, when appointed, was serving as an interim parish councilman-at-large. Your letter also indicates that in October of 2008, a new councilman was elected. Therefore, the former interim parish councilman-at-large is no longer a member of the governing authority, which, if La.R.S. 25:214(B) is applicable, is a qualification of a designee for the ex officio member of the Library Board. Your opinion request asks our office to address whether the use of "police jury" in La.R.S. 25:214(B) instead of "parish president" affects the power of the parish president or his/her designee to serve as the ex officio member, and whether an individual who is not a member of the governing authority may serve as a designee.
St. Bernard Parish is governed by a home rule charter, as permitted by La.Const. Art. VI, § 5. Article I, Section 1-02 of the St. Bernard Parish Home Rule Charter identifies the form of government to be "president-council," consisting of an elected council as the legislative branch and an elected president (St. Bernard Parish President) as the executive branch.
Article VI, § 5(E) of the Louisiana Constitution provides for the powers and functions of a home rule charter adopted after 1974:
 A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power *Page 2 
and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
[Emphasis added].
Additionally, we note that the general powers of the parish government are described by Article I, Section 1-04 of the St. Bernard Home Rule Charter, which states:
 . . . the parish government shall have and is hereby granted the right and authority to exercise any power and perform any function necessary, requisite, or proper for the management of affairs not denied by this Charter and neither denied by nor inconsistent with the constitution, statutes, and laws of the State of Louisiana.
[Emphasis added].
Therefore, the St. Bernard Parish Home Rule Charter may provide for the exercise of any power or performance of any function necessary or proper for the management of the affairs, as long as such is neither denied by nor inconsistent with the constitution, statutes, and laws of the State of Louisiana.
The St. Bernard Parish Home Rule Charter addresses the creation and composition of the Library Board in Article IV, Section 4-11, which provides in pertinent part as follows:
 (f) The library, having been established by parish ordinance in accordance with Louisiana Revised Statutes 25:211 through 25:233, as amended, shall be managed by a library board, the board of control.
 (g) The board of control shall be comprised of five (5) to seven (7) citizens of the parish as set out in Louisiana Revised Statute 25:214, as amended. Members shall be appointed by the council and shall serve terms specified in state statutes. The president of the parish or his designee shall be an ex officio member of the board.
La.R.S. 25:214(B) describes the membership, appointment and terms of office for a library board of control:
 (B) The governing authority of the parish shall, in the ordinance creating a public library, name and appoint, at its option, not less than five citizens nor more than seven citizens of the parish as a board of control for such parish library to serve for terms of one, two, three, four, and five years, the successors of whom shall each be appointed for a term of five years. The president of the police jury shall be ex officio, a member of the board of control for such public library, provided however that the president of the *Page 3 police jury shall have the right to designate another member of the governing authority of the parish to serve in his place and stead on the board of control of such public library.
[Emphasis added].
As explained above, the parish government has the authority to enact provisions to manage its affairs via the St. Bernard Home Rule Charter, if such provisions are consistent with the constitution, statutes and law of Louisiana. Additionally, we note that Article IV, Section 4-11 (f) of the home rule charter incorporates by reference La.R.S. 25:211
through 25:233. As was recognized by this office in previous opinions, La.R.S. 25:211 et seq. represents general state law, and the authority of a parish to create a library board must be exercised in conformity with this general state law, especially where the home rule charter itself subjects the formation of the library board to the provisions of La.R.S. 25:211 through 25:233. La. Atty. Gen. Op. Nos. 90-342 and 90-353. Of particular relevance to your question about the applicability of La.R.S. 25:214, our office has previously stated:
 R.S. 25:214 has statewide effect, is intended to provide for the administration of all public library systems in the state, both municipal (Section 214A) and parochial (Section 214B), and is therefore a general state statute.
 [. . .]
 As such a general statute, R.S. 25:214 supercedes and preempts any inconsistent or conflicting provisions of home rule charters which purport to authorize or mandate the governance or administration of municipal or parochial library systems in a manner at variance with that provided by general state law.
La. Atty. Gen. Op. No. 90-353.
Your opinion request notes that La.R.S. 25:214(B) provides that thepresident of the police jury shall serve as the ex officio member of the Library Board. You ask us to address whether this affects the right of the president of the parish to serve as the ex officio member of the Library Board. As St. Bernard operates under a "president-council" structure of government, and not a police jury system of government, we must resolve the issue of how La.R.S. 25:214(B) applies to St. Bernard Parish as a home rule charter system of government.
Jurisprudence has recognized that "where a literal interpretation [of a statute] would produce absurd consequences, the letter must give way to the spirit of the law and the *Page 4 
statute construed so as to produce a reasonable result."[1] Therefore, since the statute refers to a system of government that is inapplicable to St. Bernard Parish, it is proper to defer to the St. Bernard Home Rule Charter for a reasonable result, which allows the president of the parish or his designee to serve as an ex officio member of the Library Board.[2]
With regard to the designee, La.R.S. 25:214(B) specifies that an individual designated to serve as the ex officio member must be a member of the governing authority. When the parish president chose the current designee, that individual was serving as interim parish councilman-at-large. Thus, at the time of appointment, the designee was a member of the governing authority. As of October 2008, that individual is no longer serving as councilman-at-large. Pursuant to La.R.S. 25:214(B) and the St. Bernard Home Rule Charter, if the parish president elects to appoint a designee to serve as the ex officio member of the Library Board, that individual must be a member of the governing authority of the parish. As the current designee is no longer a member of the governing authority, he or she is no longer qualified to serve. Accordingly, the parish president must either personally serve in the ex officio position or appoint a new designee who is a member of the governing authority.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Emaile A. Boyce Assistant Attorney General
 JDC: EAB
[1] Swat 24 Shreveport Bossier, Inc. v. Bond, 00-1695, p. 12 (La. 6/29/01), 808 So.2d 294, 302 (citing First Nat'l Bank of Boston v.Beckwith Mach. Co., 94-2065, p. 8 (La. 2/20/95), 650 So.2d 1148, 1153; quoting Smith v. Flourney, 115 So.2d 809, 814 (La. 1959)) and Dore v.Tugwell, 84 So.2d 199, 204 (La. 1955) (citing Bradford v.Louisiana Public Service Commission, 179 So. 442 (La. 1938) and City ofShreveport v. Gregory, 172 So. 435 (La. 1936)).
[2] We note that this analysis is proper under these limited circumstances, with regard to a library board of control.