182 So. 676

**STATE ex rel. PORTERIE, Atty. Gen., v. LOUISIANA STATE BOARD OF EDUCATION.**

No. 34968.

June 27, 1938.

Rehearing Denied July 1, 1938.

Gaston L. Porterie, Atty. Gen., James O'Connor, First Asst. Atty. Gen., and Lessley P. Gardiner, Second Asst. Atty. Gen., for the State.

George M. Wallace, of Baton Rouge, for appellee.

ODOM, Justice.

Act 6 of 1938 authorizes and directs the Louisiana State Board of Education to con-

struct, repair, equip and furnish necessary buildings and to improve the facilities at the educational and charitable institutions of the State, whether such institutions are under its supervision or not. In order to obtain ready funds for the construction, repair and equipment of such buildings, the Board is authorized and empowered to borrow a sum of money not exceeding $6,000,000, and, to evidence the debt created by the borrowing of such sum, it is authorized and empowered to issue and sell bonds or other obligations "of said Louisiana State Board of Education, which bonds shall be negotiable instruments".

Authorized by Act 70 of the Regular Session of 1936, which was adopted as a constitutional amendment, the Governor certified to the Legislature the necessity for the immediate passage of this act and upon its passage declared that it became effective immediately upon its approval by him.

The State of Louisiana, upon the relation of the Attorney General, filed this suit to enjoin the State Board of Education from complying in any manner with the provisions of said act, on the ground that it is unconstitutional. There was judgment in the district court in favor of the defendant, the Louisiana State Board of Education, and against the plaintiff, the State of Louisiana, rejecting the plaintiff's demands and dismissing the suit. From this judgment the State appealed.

The Attorney General, representing the State, alleged that the act is unconstitutional on four grounds.

■ (1) The first ground of attack is that, the Louisiana State Board of Education created by Section 4, Article 12, of the Constitution, being a State agency, any debt or liability contracted by the said Board would be a debt or liability of the State of Louisiana, and that any bond or other obligation issued by it would be a bond or obligation of the State. Therefore it is alleged that said act violates Section 2 of Article 4 of the Constitution, which provides that "The Legislature shall have no power to contract or to authorize the contracting of any debt or liability on behalf of the State".

There is no merit in the attack on the act on this particular ground. The act in Section 3 specifically provides that:

"Said bonds or obligations shall be solely the obligations of the Louisiana State Board of Education, and shall not be the obligations of the State of Louisiana."

The rulings in Caldwell Bros. v. Board of Sup'rs of Louisiana State University, 176 La. 825, 147 So. 5, and in State ex rel. Porterie v. Charity Hospital of Louisiana at New Orleans, 182 La. 268, 161 So. 606, are in point and are decisive of this question.

■ (2) The second ground of attack is that said act confers upon the Governor legislative powers, in violation of Section 1 of Article 3 and Section 2 of Article 2 of the Constitution, because it is provided in Section 2 of the act " * * * that any funds received by said Board in accordance with this Act shall be apportioned to the several educational and charitable institutions of the State by the Governor and expended by said Louisiana State Board of Education".

We find no merit in this ground of attack, because the authority conferred upon the

Governor to apportion the funds to the various educational and charitable institutions is purely ministerial and not legislative.

Wharton in his lexicon defines "legislation" as follows: "The act of giving or enacting laws; the power to make laws". See Words and Phrases First, Second, Third, and Fourth Series, under the heading Legislation. Webster's New International Dictionary defines the word "legislate" as follows: "To make or enact a law or laws". It gives the following definition of the word "legislation": "Act of legislating; preparation and enactment of laws; the making of laws by express decree". The word "legislative" is defined therein as "Making, or having the power to make, a law or laws".

The authority conferred upon the Governor to apportion these funds, as provided in the act, is in no sense a legislative power.

■ (3) The third ground of attack is that the provision of the act authorizing and directing the Louisiana State Board of Education to repair and improve the buildings of charitable institutions violates Sections 4, 6, 7 and 9 of Article 12 of the Constitution.

The Attorney General in his petition goes no further than merely to allege that the authority conferred upon the Louisiana State Board of Education to provide for the improvement of the facilities of charitable institutions is violative of Sections 4, 6, 7 and 9 of Article 12 of the Constitution. He does not elaborate, nor has he explained in brief his reasons for this particular attack.

Section 4, Article 12, of the Constitution creates a State Board of Education and provides that the Legislature shall make provisions for its organization. The third paragraph of that section reads as follows:

"The Legislature shall prescribe the duties of said board and define its powers; provided, that said board shall not control the business affairs of parish school boards, nor the selection or removal of their officers and directors."·

Section 6 of that article provides that "The State Board of Education shall have supervision and control of all free public schools".

Section 7 of that article provides that the Legislature shall create a governing body for the Louisiana State University and Agricultural and Mechanical College, and that the State Board of Education shall have supervision of all other higher institutions, subject to such laws as the Legislature may enact. And Section 9 of that article names the particular institutions of the State which are declared to be higher institutions of learning, now embraced in the educational system, subject to the direct supervision of the State Board of Education.

It is thus seen that the sections of Article 12 referred to by the Attorney General relate in the main to certain specific powers and duties of the State Board of Education. And, while the Attorney General has not explained in brief or otherwise his specific reasons for this particular attack, we assume that his grounds are that, because the Constitution confers the above special duties and powers but does not specify that the State Board of Education should have any supervision of, or jurisdiction over, charitable institutions, the Legislature was with-

out authority to confer upon it such powers and duties.

While it may be argued with some show of reason that it was never contemplated by the framers of the Constitution that the State Board of Education should be given any powers, duties or authority in connection with any of the public institutions of the State except those relating strictly to public education, yet this article of the Constitution does not prohibit the Legislature from conferring upon the State Board of Education other powers and duties. On the contrary, the Legislature is given the greatest latitude in this respect, for it is provided in Section 4 of that article that "The Legislature shall prescribe the duties of said board and define its powers". The only restriction is that the Board shall not control the business affairs of school boards nor the selection or removal of their officers and directors.

Under this broad power conferred upon it, we cannot hold that the Legislature exceeded its authority by authorizing and directing said Board to construct, repair, equip and furnish necessary buildings and to improve the necessary facilities of the charitable institutions of the State, as it has done by Act 6 of 1938. We therefore find no merit in this particular attack.

(4) The fourth ground of attack is that the provisions of Section 12, Act 6, of 1938, providing that the act shall take effect immediately upon the approval thereof by the Governor, is null and void, and that said act can take effect only at 12 o'clock, noon, on the twentieth day after the Legislature adjourns, the same as other laws.

This particular provision of the statute was inserted by virtue of the authority conferred upon the Governor by Act 70 of the Regular Session of 1936, which was submitted to the people and adopted as a constitutional amendment.

The validity of this act of 1936 is attacked on various grounds specifically set out in the Attorney General's petition.

In State ex rel. Gaston L. Porterie, Attorney General v. Board of Liquidation of the State Debt, 190 La. 520, 182 So. 661, the validity of the 1936 act was attacked on the identical grounds set out by the Attorney General in the case at bar. We there held that the grounds of attack were not well founded and that the said act was properly adopted and is valid.

For the reasons assigned, the judgment appealed from is affirmed.