This is a mandamus suit wherein relator prays that alternative writs of mandamus issue herein directing the Honorable Z. J. Guidry, who was then Mayor of the Town of Ville Platte, and J. Emile Pucheu, Town Clerk, commanding them to perform the ministerial duties of their respective offices by signing pay vouchers in favor of Orise Chapman, relator herein, to pay his salary of One Hundred Thirty-five ($135.00) Dollars per month for a period of time commencing November 4, 1947 to January 4, 1948, or the total sum of Two Hundred Seventy ($270.00) Dollars, and monthly thereafter to issue to said relator pay vouchers in the sum of One Hundred Thirty-five ($135.00) Dollars per month in payment for his services as Grader Man in the Town of Ville Platte. The defendant has answered the said writ of mandamus. The Town Council of Ville Platte has intervened, requesting that the proper judgment be rendered in the premises.
This is a dispute which arose between the Honorable Z. J. Guidry, Mayor of the Town of Ville Platte, and the Town Council in regard to the employment of Orise Chapman, relator herein. The Town Council adopted a resolution on August 9, 1947, appointing the said relator as Grader Man for the Town of Ville Platte at a salary of One Hundred Thirty-five ($135.00) Dollars per month, his employment to be effective *Page 525 
August 11, 1947. This Resolution was adopted by the Town Council. The Mayor vetoed this Resolution of the Town Council. The Town Council met again on September 2, 1947 and adopted another Resolution which specifically referred to the Mayor's veto of August 9, 1947 as being contrary to the wishes of the Town Council. The Town Council then adopted another Resolution appointing Orise Chapman and then voted to override the Mayor's veto by a two-thirds (2/3) vote of the membership of said Council. The Mayor then vetoed this Resolution of the Council The question then arises: Can the Mayor veto a two-thirds (2/3) vote of the Council when they are voting to override the said Mayor's veto? The Town Council, however, postponed their meeting until November 4, 1947, at which regular meeting, the Mayor and Councilmen were present and the Council again appointed Relator Grader Man at a salary of One Hundred Thirty-five ($135.00) Dollars per month. This Resolution was adopted by a two-thirds (2/3) vote of the Aldermen. The Honorable Z. J. Guidry, Mayor, then waited until the adjournment of the meeting and, then, to prevent the overriding of the said veto, he wrote across the Resolution the word "Vetoed." He then had the Town Clerk to include in the Minutes, after the meeting had adjourned, the said word "Vetoed."
The evidence seems to substantiate the fact that the said relator was ready and willing to work but did not work on account of the fact that the Mayor refused to issue his pay vouchers. The Town Council, in adopting the said Resolution of November 4, 1947, stated that relator's appointment as Grader Man is hereby recognized and confirmed by the Council at a salary of One Hundred Thirty-five ($135.00) Dollars per month, and that his employment is to be effective as of November 4, 1947. The Town Council, at the meeting of December 26, 1947 again ratified the appointment by a two-thirds (2/3) vote of the said relator as Grader Man at a salary of One Hundred Thirty-five ($135.00) Dollars per month, effective as of November 4, 1947. This Resolution was likewise vetoed by the said Mayor.
The said relator was ready and willing to work but did not do so on account of the refusal of the Mayor to issue the said vouchers. Relator was legally employed by the Town Council and the fact that he did not actually perform the duties incumbent upon him as an employee of the Town was through no fault of his own but was due solely through the fault of the Mayor in illegally vetoing the proceedings of the Town Council after overriding his veto by a two-thirds (2/3) vote. The Mayor's action in this regard was unlawful and in direct controvention of the powers of the Mayor incorporated in the Town Charter under the Lawrason Act. There can be no doubt that the law is clear that the Town Council can override the veto of the Mayor by a two-thirds (2/3) vote. This seems to be clear, according to the Charter of the town of Ville Platte, Section 20 of Act No. 136 of 1898, as amended, Act No. 309 of 1910, § 1. The said law reads as follows, to wit:
"The Mayor — Powers —: * * * he shall have the power to veto any law, bylaws or ordinance adopted; notwithstanding the exercise of the veto power, any law or ordinance may be adopted, if two-thirds of the Aldermen vote thereafter in favor of its adoption."
Relator should not be penalized because of the arbitrary and illegal act of the said Mayor. The amount that he earned by outside employment during this period should not be deducted from the salary fixed by the Town Council, as he was ready and willing to work but, through no fault of his own, had to seek employment elsewhere in order to earn a livelihood. We therefore think that it would be inequitable and unjust to make any deductions of his said earnings in this regard from the salary fixed by the Town Council. We disagree with our learned brother of the lower Court in allowing a deduction of Thirty-five dollars per month from the said salary which had been previously fixed, as aforesaid. It appears clear that the Town Council has authority, under such circumstances, to employ whomever they wish to grade the streets of the Town of Ville Platte, or for any other purpose. This function cannot be usurped by the illegal actions of the *Page 526 
Mayor. It therefore being clear that the Town Council has this undisputed authority, and since the Town Council exercised this authority on November 4, 1947, employing the said relator, he is, under the law, entitled to his salary from November 4, 1947 and monthly thereafter. Relator should be paid this salary due to the fact that he clearly remained an employee of the Town of Ville Platte, ready and willing to perform his work, and the only reason for not performing his work was through the illegal actions of the said Mayor of the Town of Ville Platte. If the Town Council had not intended that his salary would be effective commencing November 4, 1947, it would have adopted a Resolution providing otherwise. But, the Town Council did not take this action and the Court has no other alternative except to construe the Resolution of the said Council as written, and, that is, that the said relator was to be considered an employee of the Town of Ville Platte commencing November 4, 1947 at a salary which was fixed at the rate of One Hundred Thirty-five ($135.00) Dollars per month. There is no reason why this amount should be reduced, under the facts and circumstances of the case. It is apparent that it was the intention of the Town Council that his salary should run from month to month, from November 4, 1947.
We are further of the opinion that the said amount is due and owing by the municipality of Ville Platte without the payment of interest. We do not think it would be just and equitable to force the municipality, under the circumstances, to pay interest on this claim.
We amend the judgment of the trial Court in that we are of the opinion that the Judge was in error in reducing the amount due relator by the sum of Thirty-five ($35.00) Dollars per month for the time he was engaged in another occupation. The relator was ready to perform the services of his employment and he only sought other employment after the Mayor had refused to sign the said pay vouchers in order to compensate him for his services. The judgment should be amended in this respect but otherwise affirmed.
It is, therefore, ordered, adjudged and decreed that alternative writs of mandamus issue herein directing the said Mayor of the Town of Ville Platte, Z. H. Guidry, or his successor, and the Town Clerk, commanding them, and each of them, to perform the ministerial duties of their respective offices, and acting in their said capacities, to sign a, warrant or warrants, or pay voucher or vouchers, on the Town Treasury in favor of relator, Orise Chapman, at the rate of One Hundred Thirty-five ($135.00) Dollars per month, commencing on November 4, 1947 and monthly thereafter until his employment is terminated.
The judgment appealed from is therefore amended as aforesaid and, as amended, is affirmed at the cost of the defendant-appellant.
DORE, J., recused.