SAVOY, Judge.
As the result of a municipal election in the Town of Ville Platte, Louisiana, the following persons were elected as Mayor and as Members of the Board of Aldermen of the Town of Ville Platte, Louisiana, namely: Harold Bordelon, Mayor; Alex-son Chapman, Hottel Fontenot, Reed A. Fontenot, Henry Stromer, and Hillary Vizinat, Members of the Board of Aider-men of said town.
The above town officials were duly sworn and took their positions as officers of said town on the 1st day of July, 1961.
The first meeting of the Mayor and Board of Aldermen took place on July 5, 1961. At said meeting a motion was introduced, seconded and passed by a vote of three to two of the Members of the Board of Aldermen appointing 27 persons in various capacities with the Town of Ville Platte. Twenty-four of said employees replaced an equal number of employees in various jobs with the Town of Ville Platte. In addition three ■persons were selected as Street Commissioner, City Attorney and City Treasurer, replacing the persons holding these three positions.
Subsequent to this action by a majority of the Board of Aldermen, the Mayor vetoed all 27 appointments.
The plaintiffs in the present suit instituted this action under the Uniform Declaratory Judgments Act being LSA-Code of Civil Procedure Arts. 1871-1876, inclusive, praying that the district court fix the status of all the parties involved in the various appointments.
Jacques Robley Coreil, Sr., filed a petition of intervention, stating that he was the treasurer of the Town of Ville Platte and also chief gas clerk of said town on July 1, 1961, and therefore occupied the dual position of officer and employee of the Town of Ville Platte; that the action of said Board of Aldermen on July 5, 1961, was vetoed by the Mayor, the vote being three to two to override the veto, which was not the two-thirds vote required by LSA-R.S. 33:404, and therefore the Mayor’s veto of the appointment still stands and that petitioner remains as chief gas clerk and treasurer of the Town of Ville Platte.
Intervenor alleged alternatively that the action of the Board of Aldermen in attempting to replace him was illegal and unlawful since the Board of Aldermen can only remove officers and discharge employees for misconduct or neglect of duty under LSA-R.S. 33:401, Subsection A (31).
Intervenor prayed that he be decreed and declared to be the treasurer and chief gas clerk of the Town of Ville Platte, Louisiana.
The Mayor of the Town of Ville Platte answered the original petition filed by plaintiffs, stating that the resolution discharging the officers and employees of the Town of Ville Platte on July 5, 1961, was illegal for the following reasons:
(1) That the Mayor and Board of Aldermen did not have the power to remove officers and discharge employees except for misconduct or neglect of duty under the *535 provisions of Subsection A(31) of LSA-R.S. 33:401.
(2) That under the provisions of LSA-R.S. 33:404, only the Mayor, as chief executive of the Town of Ville Platte, is empowered with the selection of town employees; that the only officers of the Town of Ville Platte are the Mayor, Aldermen, Marshal, Tax Collector, Clerk and Street Commissioner, all to be elected or appointed by the Mayor and the Board of Aider-men. He prayed that the Court recognize and maintain the officers and employees named in his answer in their position with the Town of Ville Platte.
After a trial on the merits, the district judge held that the Mayor did not have the power to veto appointments made by the Board of Aldermen, except for those of City Attorney, Street Commissioner, and City Treasurer.
From a judgment of the district court, the intervenor and the Mayor appealed to this court.
Plaintiffs answered the appeal asking that the judgment of the district court be modified so as to hold that the Mayor did not possess the power to veto the appointments of City Attorney, Street Commissioner, and City Treasurer.
The legal problem in the instant case is res novo in this state.
In brief and in oral argument, counsel made the following arguments in support of their position, namely:
1. Officers and employees of a municipality may be removed only for misconduct or neglect of duty.
2. The Mayor has the sole authority and power to hire employees of the Town of Ville Platte.
3. All officers of a municipality shall be elected or appointed by the Mayor and the Board of Aldermen.
4. In the alternative, all employees and officers are appointed by the Mayor and Board of Aldermen.
5.In the further alternative, if this Honorable Court is of the opinion that the Board of Aldermen may appoint officers and employees by resolution or ordinance the Mayor can veto such resolutions making the appointments.
The Town of Ville Platte is governed by the provisions of Act 136 of 1898, known as the Lawrason Act, LSA-R.S. 33:321-481, inclusive.
Various sections of the statute necessary to arrive at a decision in this case are as follows:
LSA-R.S. 33:362 provides:
“The powers hereby granted shall be exercised by the mayor and board of aldermen of the municipality.”
LSA-R.S. 33:381 provides in part:
“The officers of every municipality shall be a mayor, aldermen,, a marshal, a tax collector, a clerk and a street commissioner.
“ * * * The Mayor, aldermen and marshal shall be elected by the people, the other officers by the board of aldermen. * * * ”
LSA-R.S. 33:386 provides as follows:
“At the first regular meeting of the board of aldermen succeeding each regular municipal election, they shall elect a clerk, tax collector, and all other necessary officers whose election is not provided for in R.S. 33:381.
“The clerk and the tax collector shall execute a bond to the municipality in such penalty, with such surety and conditions as may be prescribed by ordinance, and shall hold their offices for two years, or until their successors are elected and qualified.
“The board of aldermen may annually appoint an attorney at law for the municipality, prescribe his duties, and fix his compensation, or it may employ *536 counsel to represent the interest of the municipality should occasion require.”
Section A of LSA-R.S. 33:401 provides:
“The mayor and board of aldermen of every municipality shall have the care, management, and control of the municipality and its property and finances. They shall have power:
i|i ifc 5jc í|í # #
“(30) To provide for municipal officers other than those required by this Part who may be found necessary; to prescribe the duties and fix the compensation of all officers and employees, subject to any applicable civil service law; and to require bonds with sureties for the performance of duties from all officers and employees.
“.(31) To provide for the removal of officers and discharge of employees for misconduct or neglect of duty, subject to any applicable civil service law.”
LSA-R.S. 33:404 provides in part:
“The mayor shall preside at all meetings of the board of aldermen, and in case there is an equal division, he shall give the deciding vote. He shall have the superintending control of all offices and affairs of the municipality; shall actively and vigilantly see that all the laws and ordinances are properly executed and enforced; may veto any law, by-law, or ordinance adopted; notwithstanding the exercise of the veto power, any law; or ordinance may be adopted, if two-thirds of the aldermen vote thereafter in favor of its adoption. * * $»
The powers granted by the Lawrason Act are provided in general by LSA-R.S. 33 :362 and are to be exercised by the mayor and board of aldermen. In our opinion the term “Mayor and Board of Aldermen” means the governing authority of the Town of Ville Platte, which consists of the Board of Aldermen with the Mayor as the presiding officer.
Among the numerous powers given expressly to the Mayor and Board of Aider-men of every city, town and village coming under such statute, by LSA-R.S. 33:401, are the powers to provide for the election of such municipal officers, other than those required expressly by statute, as may be found necessary, and the power to prescribe the duties and fix the compensation of all officers and employees and to require bonds with sureties for the performance of duties from all officers and employees. The same section gives the Mayor and the Board of Aldermen the power to provide for the removal of officers and discharge of employees for misconduct or neglect of duty. The powers granted by LSA-R.S. 33:401 are granted to the Mayor and the Board of Aldermen.
Under the provisions of LSA-R.S. 33:404, it is provided that the Mayor shall preside at all meetings of the Board of Aldermen and shall cast the deciding vote in case of an equal division. It appears evident that the varous powers mentioned above are conferred upon the Mayor and the Board of Aldermen, to be exercised by a vote of the Board of Aldermen present at a meeting of the Mayor and Board, and that in any particular case the Mayor shall cast the deciding vote in case of a tie among the aldermen.
LSA-R.S. 33:386 provides that at the first meeting of the Board of Aldermen succeeding each regular municipal election, they shall elect a clerk, tax collector and all other officers that may be necessary, whose election is not provided for in LSA-R.S. 33 :381. This section refers specifically to the Mayor, Aldermen, Marshal, Tax Collector, Clerk and Street Commissioner.
Having given the pertinent sections of the act necessary for this decision and having summarized the various sections mentioned above, the Court will now take up the contentions advanced by counsel for appellants in the order appearing in their brief and in oral argument before this Court.
*537 The first contention advanced by appellants is:
Officers and Employers of a Municipality May Be Removed Only for Misconduct or Neglect of Duty.
In answer to this suit both the in-tervenor, the town treasurer, and the mayor set forth the defense that the Board of Aldermen did not have the power to remove •officers and discharge employees except for misconduct or neglect of duty under the provisions of LSA-R.S. 33:401, Subsection A (31). This contention is without merit for the reason that under the provisions of the Lawrason Act, the only officers elected by the Board of Aldermen for a specific term are provided for in LSA-R.S. 33:386. ■ The clerk and tax collector shall hold their offices for two years or until their successors are elected and qualified. Under the same section, it is provided that the attorney at law shall be appointed for a term of one year. Since the position of town treasurer is not fixed under the Lawrason Act' for a specific term, said treasurer may he dismissed at any time by a majority vote of the Board of Aldermen.
The town treasurer is not under civil service for the Town of Ville Platte has no civil service law. The employees of the Town of Ville Platte likewise not being under civil service may be dismissed at any time by a majority vote of the Board of Aldermen.
The second contention advanced by the appellants is:
The Mayor Has the Sole Authority and Power to Hire Employees of the Town of Ville Platte.
Counsel for appellants argue that under the provisions of LSA-R.S. 33 :404, only the mayor as chief executive of the Town of Ville Platte is empowered with the selection of town employees for the reason that this section says that the mayor shall have the superintending control of all offices and affairs of the municipality.
It is the opinion of this Court that the various powers mentioned above conferred upon the Mayor and Board of Aldermen are to be exercised by vote of the Board of Aldermen. The Mayor, of course, presides at all meetings of the Board of Aldermen and is authorized to cast the deciding vote only in case of a tie among the aldermen. The hiring of employees for the Town of Ville Platte is an adminstrative matter, not a legislative matter, and the Mayor has no authority to appoint any employees except in the case of a tie vote among the aider-men present when the employees are being appointed.
The third argument advanced by counsel for appellants is:
All Officers of a Municipality Shall Be Elected or Appointed by the Mayor and the Board of Aldermen.
The provisions of LSA-R.S. 33:381 state that the mayor, aldermen and marshal shall be elected by the people, and that all other officers shall be elected by the Board of Aldermen. Under the provisions of LSA-R.S. 33:386, the Board of Aldermen may annually appoint an attorney at law for the municipality. It is apparent from a reading of the above statutes that the street commissioner, town treasurer (if an officer), and city attorney shall be appointed by the Board of Aldermen of the Town of Ville Platte. Even in the above cases, the Mayor presides and may vote only in case of a tie. See LSA-R.S. 33:404.
The fourth argument advanced by counsel for appellants is:
In the Alternative, All Employees and Officers are Appointed by the May- or, and the Board of Aldermen.
In essence, the fourth contention made by counsel for appellants is that since the powers granted by LSA-R.S. 33:401 shall be exercised by the “mayor and board of aldermen”, it is necessary that the May- or concur with the Board of Aldermen be *538 fore any of those powers can he exercised, including the hiring of employees for the municipality.
As we have already pointed out, we think the term “mayor and hoard of aldermen” merely refers to the governing authority of the municipality, and that the Legislature did not intend that there be concurrent authority requiring the approval of both the Mayor and a majority of the Board of Aldermen before any of these powers could be exercised. In our opinion all employees and officers are appointed solely by the Board of Aldermen since this is an administrative act granted solely to that board, except that in case of a tie vote, the Mayor may cast the deciding vote.
The next contention advanced by counsel for appellants is one made in the alternative, as follows:
If This Honorable Court Is of the Opinion That the Board of Aldermen May Appoint Officers and Employees by Resolution or Ordinance, the May- or Can Veto Such Resolutions Making the Appointments.
Under the provisions of LSA-R.S. 33 :404, the Mayor may veto any law, bylaw or ordinance adopted by the Board of Aldermen, and the veto may be overridden if two-thirds of the Board of Aldermen vote in favor of the adoption of the law, by-law or ordinance originally adopted.
Article 1 of the LSA-Civil Code defines “law” as follows:
“Law is a solemn expression of legislative will.”
Article 2 of said Code speaks of “law” as follows:
“It ordei-s and permits and forbids, it announces rewards and punishments, its provisions generally relate not to solitary or singular cases, but to what passes in the ordinary course of affairs.”
The term “law” is defined in Black’s Law Dictionary, Fourth Edition, Page 1028, as follows:
“That which is laid down, ordained, or established. A rule or method according to which phenomena or actions co-exist or follow each other. That which must be obeyed and followed by citizens, subject to sanctions or legal consequences,, is a ‘law.’ ”
The term “by-law” is defined in Black’s Law Dictionary, Fourth Edition, Page 252, as follows:
“Regulations, ordinances, rules or laws adopted by an association or corporation or the like for its government. The word has also been used to designate the local laws or municipal statutes of a city or town. See Kilgour v. Gratto, 224 Mass. 78, 112 N.E. 489, 490. But of late the tendency is to employ the word ‘ordinance’ exclusively for this class of enactments, reserving ‘bylaw’ for the rules adopted by private corporations.”
As was said in Peck v. Elliott, 6 Cir., 79 F. 10, 38 L.R.A. 616, a resolution is not necessarily a by-law though a by-law may be in the form of a resolution.
In the same dictionary, the word “ordinance” is defined on Page 1,248, as follows :
“A rule established by authority; a permanent rule of action; a law or statute. In a more limited sense, the term is used to designate the enactments of the legislative body of a municipal corporation. * * *
“The name has also been given to certain enactments, more general in their character than ordinary statutes, and serving as organic laws, yet not exactly to be called ‘constitutions.’ * * *»
The general rule of law as to the limitation of the mayor’s veto power, as stated in 37 Am.Jur., page 862, “Municipal Cor *539 porations,” Section 232, is that the approval of the mayor is not required to validate an election by a municipal council of a municipal officer, since although the power of veto is conferred upon the mayor, this power extends only to legislative acts of the council. See also 19 R.C.L., page 892, "Municipal Corporations,” Section 192.
In 62 C.J.S. Municipal Corporations § 423, p.. 809; under the subject “veto”, it is stated in part that the purpose of the veto power is to guard against the passing of bad laws through haste, inadvertence, or design. Sub-Section B. of this same section states in part as follows:
“Even where the veto power is conferred, it may be exercised only in the cases provided for either expressly or by necessary implication. The power exists only to the extent clearly granted, and should not be enlarged by a strained construction. Therefore, in determining the extent of the mayor’s power to veto, a careful consideration of the charter or statute conferring the power is necessary. Under a statute providing that the mayor shall have power to veto any ordinance or resolution passed by the council, the veto power has been held to extend at least to all resolutions of a legislative, as distinguished from a merely administrative, character. While the veto power is generally confined to legislative acts and usually does not extend to matters of an administrative character, it has also been held that the power extends to all acts of the council whether legislative or otherwise, but, even where this rule has been applied, the power has been held not to extend to matters of the self-organization of the council.
“A charter provision authorizing the mayor to veto ordinances gives him no power to veto resolutions, except where the resolution is in effect an ordinance, and a resolution appointing to office has been held not subject to the mayor’s veto under a charter giving him authority to veto the ‘acts’ of any board; * * * ”
In an opinion by the Attorney General of the State of Louisiana, Page 953, Opinions of the Attorney General, 1942-1944, the following statement was made:
“The authorities show that the language must be deemed to refer only to such laws, by-laws or ordinances as constitute the exercise of legislative functions by the Board of Aldermen. The selection of a city attorney is not a legislative function and the veto power does not extend to give the mayor any control over such selection, his only right in connection therewith being to cast the deciding vote if there should be a tie vote of the aldermen when they take up the matter of electing such an official.
******
“There is no case exactly in point in Louisiana. In State ex rel. Attorney General v. Jonas, 27 La.Ann. 179, the length of term of office of a city attorney selected by the council of the City of New Orleans was involved, but no question about the mayor’s right of veto was raised.
“However, the authorities elsewhere appear to be unanimous. In Rich v. McLauren, 83 Miss. 95, 35 So. 337, the Supreme Court of Mississippi held that the mayor has no power to veto the election of a police justice chosen in accordance with law by the mayor and board of aldermen of the municipality, even although the mayor does have the power to veto ‘measures’ passed by the mayor and board of aldermen. The opinion discriminates between ordinances which are in their nature laws of the municipalities, and mere orders or decrees temporary in their nature.
“In State ex rel. Walker v. Wagner, 170 Ind. 144, 82 N.E. 466, the Supreme Court of Indiana decided that the authority granted to the common council of a municipality to fill vacancies in the *540 office of councilman is in its nature executive, and the mayor’s power to veto does not apply to such appointments.
“See also 173 Ind. 603, 91 N.E. 1, for a second opinion of the Supreme Court of Indiana on this same case, which second opinion confirms the real distinction as one between legislative action, in which the veto power exists, and merely administrative or ministerial acts in which it does not exist. See also cases cited in this second opinion on pages 2 and 3 of Volume 91 of Northeastern Reporter.
“For a decision similar in principle, although dealing with the veto power of the Governor of Tennessee, see Richardson v. Young, 122 Tenn. 471, 125 S.W. 664.
“In State ex rel. Wenzel v. May [190 Minn. 336], 251 N.W. 529, the Supreme Court of Minnesota held that a mayor has no veto power over the election of two trustees by the city council to serve on the board of trustees of a sanitary district.”
In support of their contention that the Mayor has the veto power over appointments made by the Board of Aldermen in the instant case, appellants have cited the cases of Gros v. City of Thibodaux, 240 La. 279, 122 So.2d 295; Bierhorst v. Prieto, La. App. 1 Cir., 131 So.2d 308, and State ex rel. Chapman v. Guidry, La.App. 1 Cir., 41 So. 2d 524. The above cases are not controlling. The cases of Gros v. City of Thibodaux and Bierhorst v. Prieto, supra, were contests involving the charters of the City of Thibodaux and the Town of Mande-ville. These municipalities were created under special legislation, the City of Thi-bodaux by Act 266 of 1918, as amended, and the Town of Mandeville by Act 74 of 1840, as amended. In the instant case the town of Ville Platte is operating under the provisions of Act 136 of 1898, as amended.
One of the legal propositions before this court is whether the Mayor has the power to appoint the officers and employees of the Town of Ville Platte. The only matter decided in the case of State ex rel. Chapman v. Guidry, supra, was that where the mayor’s veto had been overridden by a two-thirds vote of the members of the Board of Aldermen, the Mayor did not have the power to override the veto.
Counsel for appellants also argue that the town council should be likened to the state government wherein the executive, legislative and judicial principles come into play, and under this theory the Mayor as chief executive of the town has the right to appoint officers and employees of the municipality. The same contention was made in the case of City of New Orleans v. Borey, La.App., 52 So.2d 728, 734. In that case the Court of Appeal stated:
“The first ten words used in § 1, ‘The powers of the government of the State of Louisiana’, make it manifest that §§ 1 and 2 of Art. II 'apply only to the government of the State of Louisiana. The constitutional provisions separating and distributing governmental powers do not address themselves to a municipality, to which they are clearly inapplicable.
“To be found in 11 Am.Jur., Constitutional Law, § 181, p. 880, is the following expression: ‘The constitutional requirement with respect to the separation of the three departments of the government which exists in a state Constitution is generally held to refer to the state government and state officers, and not to the government of municipal corporations or their officers.’ (Citations omitted) * *
This Court cannot perform the functions of the Legislature, and the only way that the mayor can be granted the authority asked for by appellants would be to address the matter to the Legislature for their consideration.
Looking at the legislative intent of the framers of the Lawrason Act, it seems un *541 likely that they would have delegated to the Board of Aldermen the power to appoint a street commissioner and delegated to the Mayor the power to appoint his employees. There are a number of employees in the instant case who are under the street commissioner’s department. To give the interpretation wished by appellants would lead to chaos and confusion for the Mayor could hire and fire these employees at will, and they would owe no allegiance nor would they have to take orders from the street commissioner.
It is our opinion that the veto power exercised by the mayor in the instant case was not valid for the reason that he was attempting to veto a simple motion made by the Board of Aldermen which was an administrative act of the majority of the Board of Aldermen, whereas, his veto power is limited to only legislative acts of the Board of Aldermen. See State ex rel. Porterie, Attorney General v. Louisiana State Board of Education, 1938, 190 La. 565, 182 So. 676 for definition of legislation as being the enactment of laws as distinguished from purely administrative or ministerial acts.
For the reasons assigned, the judgment of the district court is reversed insofar as it decreed that the Mayor has the veto power over the election by the Board of Aldermen of the street commissioner, treasurer and city attorney, and accordingly, it is ordered, adjudged and decreed that the Mayor does not have the right to veto the action of the Board of Aldermen in electing the street commissioner, treasurer and city attorney. In all other respects the judgment of the district court is affirmed.
All costs of this appeal are assessed to defendants-appellants.
Reversed in part, affirmed in part, and rendered.
TATE, J., dissents in part for the written reasons assigned.
FRUGÉ, J., recused.