TAYLOR, Judge.
The plaintiff-appellant, Paul A. Clement, filed a petition for writ of mandamus against the Mayor, Aldermen and the Mar *116 shal of the City of Westwego wherein he prays that a writ issue ordering them to reinstate him as a city policeman with back pay in accordance with the decision of the Westwego Fire and Police Civil Service Board of June 29, 1969. After a hearing on the matter the petition for a writ of mandamus was dismissed by the lower court and the plaintiff-appellant prosecutes this appeal.
In order to adequately understand all of the proceedings and facts a brief chronology is necessary at this point.
1. By motion dated July 1, 1965 the Marshal of Westwego was given full power as Chief of Police, by the board of Aldermen, “to hire and to fire any man hired by him as a Police Officer after July 1, 1965.”
2. On August 1 or 3, 1965, the plaintiff-appellant was hired on Provisional Status as a police officer for the City of Westwego.
3. On December 7, 1967 plaintiff-appellant requested that he be blanketed into Civil Service. The Board decided that only those qualified to be blanketed in at the time the law was enacted would be and plaintiff-appellant’s request was denied. This decision was not appealed.
4. Plaintiff-appellant again was provisionally appointed as police officer on August 1, 1968 in the absence of eligibility under Civil Service.
5. Plaintiff-appellant failed to pass the Civil Service examinations on two occasions.
6. On February 7, 1969 plaintiff-appellant passed his Civil Service examination for police officer.
7. Plaintiff-appellant was placed on probational status pursuant to the terms of the Civil Service Act, on March 6, 1969, the date his grade was approved.
8. Plaintiff-appellant was removed (fired), effective April 23, 1969 for reasons which need not be mentioned.
9. By letter from his attorney dated May 2, 1969 plaintiff-appellant appealed his dismissal and requested a hearing before the Civil Service Board.
10. By letter dated May 8, 1969 Marshal Sidney Guillot was notified of a hearing on the appeal before the City of Westwego Fire and Police Civil Service Board. The hearing was set for May 28, 1969 at 7:30 P.M.
11. On June 12, 1969 a hearing on the appeal was had before the Westwe-go Fire and Police Civil Service Board and taken under advisement by the Board.
12. By letter dated June 25, 1969 the Board found the “charges made against Mr. Clement were not justified and recommends [ed] that Mr. Clement be reinstated and reinstitution be made for pay dating back to the date he was dismissed. Please let this letter serve as notice of the Board’s decision.”
13. By letter to Marshal Guillot dated October 8, 1969 the Board stated that from a letter received by the Board from the attorney general it appears that the Board did not have jurisdiction in the case of Paul Clement, (plaintiff-appellant), because he had not completed the required three months working test period set out in LSA-R.S. 33:2555.
The position of Marshal Guillot throughout the entire action has been that since the plaintiff-appellant had been appointed on a probationary status on March 7, 1969 and was still within the three month period of the working test when he was dismissed, the Board had no *117 authority pursuant to LSA-R.S. 33:2555 to review the matter and the employee had no right to a hearing whatsoever.
LSA-R.S. 33:2555 provides in part as follows:
“Every person appointed to a position in the classified service following the certification of his name from a promotional or a competitive employment list, except those appointed on a temporary basis, shall be tested by a working test while occupying the position before he may be confirmed as a regtilar and permanent employee in the position.
“The period of the working test shall commence immediately upon appointment and shall continue for a period of not less than six months nor more than one year. Any employee who has served at least three but less than six months of his working test for any given position may be removed therefrom only with the prior approval of the board, and only upon the grounds that (1) he is unable or unwilling to perform satisfactorily the duties of the position to which he has been appointed or (2) his habits and dependability do not merit his continuance therein. Any such employee may appear before the board and present his case before he is removed.”
(Emphasis added)
After careful examination of the above we are of the same opinion as Marshal Guil-lot. Under LSA-R.S. 33:2561 only a regular employee may appeal his discharge to the board. A person not yet a regular employee must serve for at least three months in a working test period before the Civil Service Board acquires any authority and right to rule upon his dismissal. Therefore there is no appeal under the Act available to the plaintiff-appellant, and any action taken by the Board is without effect and may not serve as the basis for a mandamus proceeding.
Plaintiff-appellant further contends that the authority given to Marshal Guillot, as Chief of Police, to fire or suspend any man hired by him as a police officer, should be literally construed. It is plaintiff’s contention that he was hired by the Mayor of Westwego and the Board of Aldermen and that he may only be fired by the same authority who hired him. In addition, plaintiff further argues that the power to hire and fire a police officer is not a power which may be delegated to the Chief of Police and that even if it were, there was never a valid delegation of such power in this instance.
We are however of the opinion that neither of plaintiff’s contentions are meritorious.
The record establishes that when plaintiff was removed from his job, the document was signed by both Sydney J. Guillot, the Marshal, and Ernest J. Tassin, the Mayor. Thus regardless of whether the Mayor or the Marshal had the authority to fire plaintiff, both concurred in taking action to effectuate his removal. Therefore plaintiff was removed from office by the authority which hired him. Moreover we note that plaintiff was hired after the passage of the motion by the Board of Aldermen delegating the power to the Marshal to hire and fire police personnel and that in fact it was the Marshal who hired plaintiff.
With regard to plaintiff’s second contention, that the attempted delegation of power to the Marshal was invalid because it was done by motion rather than by ordinance as required by LSA-R.S. 33:423, we are of the opinion that the trial judge accurately and concisely treated this point in his excellent reasons for judgment as follows :
“Plaintiff’s second ground is directed at the legal efficacy of the delegation of the hiring and firing authority by resolution, rather than ordinance of the Board of Aldermen to the City Marshal. It is plaintiff’s position that this power is exclusive to the Mayor and Board of Al *118 dermen under the Lawrason Act (LSA-R.S. 33:321-481) which governs the City of Westwego.
“In Chapman v. Bordelon [242 La. 637], 138 So.2d 1, the Supreme Court effectively answered plaintiff’s argument by assigning to the term ‘ordinance’ its board definition. Further, the Court finds that the resolution in favor of Marshal Guillot was administrative rather than legislative in nature. The May- or’s failure to veto this resolution indicates his agreement with its purpose and intent.
“In view of these findings and conclusions, the Court is of the opinion that the administrative function of hiring and firing of personnel, subject to civil service legislation, could properly be delegated to the Chief of Police (Marshal) and that the firing of plaintiff, who possessed no protective status under civil service was proper and legal.”
For the above reasons the judgment of the lower court is affirmed. All costs allowed by law are to be paid by appellant.
Affirmed.