AYRES, Judge.
By this action plaintiff sought to be reinstated to his former position of employment with the Village of South Mansfield as well as to recover damages and lost wages. Made defendants in addition to the village itself were its mayor and board of aldermen in their official as well as their individual capacities.
As a basis for the relief sought, it was alleged that (1) plaintiff was the marshal for the Village of South Mansfield and was discharged summarily by defendants without prior notice, or a hearing, and without justification or reasons for his dismissal, and (2), as a public employee of the Village of South Mansfield, plaintiff was entitled to prior notice and a hearing before his employment could be effectively terminated.
To plaintiff’s action, the defendant village and its officers interposed a motion for a summary judgment on a basis that no genuine issue of a material fact existed and that they were entitled to such a judgment, as a matter of law, dismissing plaintiff’s claim on the ground that plaintiff was not, nor had he ever been, marshal of the Village of South Mansfield; that he was a mere employee of the village, having been hired as a deputy marshal for an unspecified and indefinite term; that, as an employee of the village, he held his position at the will of the governing authority which hired him; that he acquired no interest in any benefits whatsoever, was not subject to Louisiana Civil Service law and was not, therefore, entitled to prior notice or a hearing before his employment could be effectively terminated. This motion was sustained and plaintiff’s demands were dismissed with prejudice at his cost. From the judgment thus rendered and signed, plaintiff appealed.
The factual bases of defendants’ motion for a summary judgment are set forth in affidavits of Robert Henry Hill and Irvin Bridges, the elected and qualified mayor and marshal, respectively, of the Village of South Mansfield. These affidavits substantiate defendants’ position’ that plaintiff was a deputy marshal of the village, hired as an employee on October 11, 1972, by a prior administration for an indefinite period of time, as reflected by the official minutes of the Board of Aldermen; that the Village of South Mansfield has no civil service board of any kind or nature, and its employees are not subject to any civil service status nor to employee benefits, and that, under date of October 2, 1973, at a regular meeting of the Board of Aldermen, attended by plaintiff, plaintiff’s employment as deputy marshal was terminated by a majority vote. These factual matters appear in the record uncontroverted; the legal questions are, of course, matters of law.
The essence of plaintiff’s complaint is that he was a public employee of the Village of South Mansfield and, as such, was discharged without prior notice or a hearing, which infringed upon an interest protected by the Fourteenth Amendment to the Constitution of the United States. Thus, appellant contends that the due-process clause of both State and Federal Constitutions require notice and a hearing before any public employee is discharged from this employment.
Appellant relies upon two U. S. Supreme Court decisions for the support of this position, namely: Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed. 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed. 570 (1972).
In the Roth case, it was held that an un-tenured assistant professor at a state university was not constitutionally entitled to a statement of reasons nor to a hearing on the university’s decision not to reemploy him. In the Perry case, also, the court *492 held that an untenured junior college professor was not entitled to a statement of reasons nor to a hearing on the college’s decision not to rehire him. It was emphasized that had the professor been entitled to tenure, that fact would not have entitled him to reinstatement ipso facto but would only require that the college grant him a hearing wherein he could or would be informed of the grounds of his nonretention and afforded an opportunity to challenge the sufficiency of such grounds. It is noted, however, that in each of these cases the plaintiff alleged that the actual .reason for his nonretention was an attempt to punish him for critical statements made about the university’s administration and that such action, terminating in his dismissal or non-retention, was a violation of his right of free speech. In neither case was it established that the decision not to renew the plaintiff’s contract was made in retaliation of his exercise of his constitutionally protected right of free speech.
In the instant case, the only question before the court below, and in this court, relates to appellant’s claim that he was entitled to a hearing under a pretense of procedural due process. The court, in the case of Roth, supra, made it clear that due-process requirements apply only where there is a deprivation of interest encompassed by the Fourteenth Amendment’s protection of liberty and property. Appellant did not allege that his dismissal without notice or a hearing deprived him of any interest in those respects relative to liberty or property protected by the Fourteenth Amendment. Nor is there any allegation that appellant’s good name, reputation, honor, or integrity is at stake because of his dismissal. Nor is there any suggestion that his termination as deputy marshal had imposed on him a stigma or other disability that foreclosed or affected his freedom to take advantage of other employment opportunities.
There are no statutory or administrative standards, to our knowledge or pointed out to us, defining eligibility for reemployment in appellant’s position. Thus, as pointed out in the Roth case:
“The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment’s protection of liberty and property.”
92 S.Ct. 2705.
Consequently it was pointed out:
“It stretches the concept too far to suggest that a person is deprived of ‘liberty’ when he simply is not rehired in one job but remains as free as before to seek another.”
92 S.Ct. 2708.
The mere expectancy to continue employment is not protected by procedural due process and is not contemplated by law as being a legitimate claim of entitlement. Perry v. Sindermann, supra (92 S.Ct. 2700).
There is nothing before this court which supports a claim of entitlement to continued employment or to a claim of entitlement to procedural due process. That appellant is a “public employee” is not sufficient. No legal basis, through either statutes, rules, regulations, or policies, is cited to support appellant’s right to continued employment.
In Hirsch v. Green, 368 F.Supp. 1061, 1067 (D.Md., 1973), the court reached the same conclusion as did the trial judge in the instant case. There Hirsch, a deputy state’s attorney, who served at the pleasure of the state’s attorney, was held not to have any property interest or protected right in the position. The court pointed out:
“It is clear that the plaintiff does not have a property interest in his job as Deputy State’s Attorney to warrant procedural due process protection. From all indications, he serves at the will and pleasure of the elected State’s Attorney. *493 Plaintiff has proffered nothing, statutory or otherwise, to refute this conclusion. In fact, his deposition substantiates this point as he stated that it was his belief that he could be fired at any time. Consequently, there is not even a ‘subjective expectancy’ by the plaintiff that he was entitled to the position. The mutual understanding required by Sin-dermann was totally lacking from the outset.It has clearly been held that a public employee who serves at the pleasure of a government or official does not possess a property right in his job. Brown v. Hirst, supra [443 F. 2d 899 (4th Cir., 1971)]; Hodgin v. Noland, supra [435 F.2d 859 (4th Cir., 1970)]; Jones v. Kelly, supra [347 F. Supp. 1260 (E.D.Va., 1973)]; Bean v. Darr, supra [354 F.Supp. 1157 (M.D.N.C., 1973)]. Plaintiff is such an employee and consequently is not entitled to a hearing on this ground.” 368 F.Supp. 1067.
Whether plaintiff had a legitimate claim or entitlement to employment by the Village of South Mansfield must as was pointed out in the Roth case, supra, be determined by state law. In this regard, the record discloses that appellant was not, at the termination of his employment, nor was he ever, marshal for the Village of South Mansfield. The office of marshal is an elective one and, as appears from the affidavits of Mayor Hill and Marshal Bridges, appellant was hired by the Board of Aldermen as a deputy marshal, on a temporary basis, with no specified term of employment. Appellant was, therefore, an employee rather than an officer of the village.
The Mayor and Board of Aldermen of the Village of South Mansfield, which was incorporated under the provisions of the Lawrason Act (LSA-R.S. 33:321 et seq.), are authorized, under Section 401, subd. A(30) :
“To provide for municipal officers other than those required by this Part who may be found necessary; to prescribe the duties and fix the compensation of all officers and employees, subject to any applicable civil service law; and to require bonds with sureties for the performance of duties from all officers and employees.”
And, under subd. A (31) :
“To provide for the removal of officers and discharge of employees for misconduct or neglect of duty, subject to any applicable civil service law.”
Appellant asserted that his employment was terminated without “justification,” and thus he implied that justification was necessary before an employee could be terminated by the village’s governing authority. This contention is without merit. In Chapman v. Bordelon, 132 So.2d 533, 537 (La.App., 3d Cir., 1961), it was held that the authority of the Board of Aldermen of a municipality was not limited in its power to remove officers and discharge municipal employees to cases of misconduct or neglect only. There the court stated the question and commented as follows:
“The first contention advanced by appellants is:
“Officers and Employers of a Municipality May Be Removed Only for Misconduct or Neglect of Duty.
“In answer to this suit both the inter-venor, the town treasurer, and the mayor set forth .the defense that the Board of Aldermen did not have the power to remove officers and discharge employees except for misconduct or neglect of duty under the provisions of LSA-R.S. 33:401, Subsection A(31). This contention is without merit for the reason that under the provisions of the Lawrason Act, the only officers elected by the Board of Aldermen for a specific term are provided for in LSA-R.S. 33:386. The clerk and tax collector shall hold their offices for two years or until their successors are elected and qualified. Under the same section, it is provided *494 that the attorney at law shall be appointed for a term of one year. Since the position of., town treasurer is not fixed under the Lawrason Act for a specific term, said treasurer may be dismissed at any time by a majority vote of the Board of Aldermen.
“The town treasurer is not under civil service for the Town of Ville Platte has no civil service law. The employees of the Town of Ville Platte likewise not being under civil service may be dismissed at any time by a majority vote of the Board of Aldermen.”
See: LSA-R.S. 33:2391; Clement v. City of Westwego, 250 So.2d 115 (La.App., 4th Cir., 1971 — writ denied, 259 La. 809, 253 So.2d 67 [1971]).
In Clement, a policeman not subject to civil service was discharged summarily without notice or hearing. It was there held that no notice or hearing was necessary in the absence of a protective status under civil service law.
Thus, the conclusion is inescapable that appellant was an employee of the defendant village, with no specified term of employment; that he held his position at the discretion of the village’s governing authority; and that his employment could be terminated at any time, subject, of course, to any applicable civil service law, with or without justification. However, there is no civil service law applicable to the Village of South Mansfield, and appellant, therefore, has no protected civil service status.
Consequently, applicant herein was not deprived of any interest which would have required the governing authority to provide him with a statement of reasons and afford him a hearing of the matter prior to the termination of his employment.
For the aforesaid assigned reasons, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.