CHEHARDY, Judge.
Lois George, assistant town clerk for the Town of Lutcher, Louisiana, from 1960 to 1978, sued the town, its mayor, and its aldermen for improper and illegal termination of her job. George filed suit in both federal court and state court; the federal case has been stayed pending determination of the state case. In the state court proceedings, the town and the aldermen moved for summary judgment, which was granted. Plaintiff has appealed. (The mayor did not join in the motion and therefore is not involved in this appeal.)
Immediately prior to the hearing on the motion, plaintiff filed a Notice of Reservation to the Disposition of the Entire Case, reserving the disposition of her claims under federal law for adjudication by the federal courts. Accordingly, the only issue before us, as before the trial court, is whether a non-civil service employee of a municipality subject to LSA-R.S. 33:321 to 33:481, known as the Lawrason Act, may be discharged only for misconduct or neglect of duty.
The statute applicable here is R.S. 33:401, which provides in pertinent part:
*538 “A. The mayor and board of aldermen of every municipality shall have the care, management, and control of the municipality and its property and finances. They shall have power:
‡ s}s ‡ ¡je :}s *
(30) To provide for municipal officers other than those required by this Part who may be found necessary; to prescribe the duties and fix the compensation of all officers and employees, subject to any applicable civil service law; and to require bonds with sureties for the performance of duties from all officers and employees.
(31) To provide for the removal of officers and discharge of employees for misconduct or neglect of duty, subject to any applicable civil service law.”
There are no questions of material fact. Plaintiff was neither an elected official nor an officer appointed by the board of aider-men for a specific term, nor was she subject to civil service. Her termination was voted by a majority of the board of aldermen upon the recommendation of the mayor. Accordingly, the issue before us is wholly a matter of law.
Plaintiff-appellant contends that Subpar-agraph A(31) restricts the grounds for which a non-civil service municipal employee may be dismissed to misconduct or neglect of duty. Defendants-appellees, on the other hand, contend that a non-civil service municipal employee may be discharged at any time, with or without justification, and without the necessity of a pre-termination hearing.
R.S. 33:401(A)(31) has never been interpreted by our Supreme Court, and there are few cases from other courts of appeal involving it. The most definitive statement was made in the case of Chapman v. Bordelon, 132 So.2d 533 (La.App. 3d Cir.1961), affirmed in part, reversed in part on other grounds, 242 La. 637, 138 So.2d 1 (La.1962). In the Chapman case, the Board of Aider-men of the Town of Ville Platte appointed 27 persons in various capacities with the town, replacing the persons then holding those positions. All 27 appointments were vetoed by the mayor. The board of aider-men voted three to two to override the veto. The ousted town employees sued. The treasurer and chief gas clerk of the town intervened in the suit, claiming the board of aldermen’s attempt to replace him was illegal and unlawful because of the provisions of R.S. 33:401(A)(31). The court held, as to the intervenor’s claim,
“ * * * Since the position of town treasurer is not fixed under the Lawrason Act for a specific term, said treasurer may be dismissed at any time by a majority vote of the Board of Aldermen.
“The town treasurer is not under civil service for the Town of Ville Platte has no civil service law. The employees of the Town of Ville Platte likewise not being under civil service may be dismissed at any time by a majority vote of the Board of Aldermen.” 132 So.2d 533 at 537.
In Jamerson v. Village of South Mansfield, 297 So.2d 490 (La.App. 2d Cir.1974), the former deputy marshal for the village sued to be reinstated to his position. The court found he had been hired by the board of aldermen for an unspecified and indefinite term, and was not subject to civil service. In upholding summary judgment for the defendants, the court followed the Chapman holding, and also held the plaintiff therein was not entitled to a hearing prior to termination of his employment:
“Thus, the conclusion is inescapable that appellant was an employee of the defendant village, with no specified term of employment; that he held his position at the discretion of the village’s governing authority; and that his employment could be terminated at any time, subject, of course, to any applicable civil service law, with or without justification. However, there is no civil service law applicable to the Village of South Mansfield, and appellant, therefore, has no protected civil service status.
“Consequently, applicant herein was not deprived of any interest which would have required the governing authority to provide him with a statement of reasons *539 and afford him a hearing of the matter prior to the termination of his employment.” 297 So.2d 490 at 494
In Clement v. City of Westwego, 250 So.2d 115 (La.App. 4th Cir.1971),. writ denied 259 La. 809, 253 So.2d 67, the court held a person who possessed no protective status under civil service could be terminated as an administrative function, without a hearing.
We see no reason to deviate from these holdings. The provisions of R.S. 33:401(A)(31) grant the mayor and board of aldermen the power to provide for removal of officers and discharge of employees for misconduct or neglect of duty. There is nothing in the statute, however, that restricts their powers to remove and/or to discharge to those grounds alone, except for applicable civil service laws. We believe the statute is intended to give them the power to provide for procedures to be used in cases of removal or discharge for misconduct or neglect of duty, but it was not intended to limit their discretion otherwise in exercising their administrative functions of hiring and firing non-civil service town employees.
In McCormick v. Edwards, 646 F.2d 173 (5th Cir.1981), cert. den. November 2, 1981, rehearing den. January 11, 1982, the court held that a non-civil service employee serves at the will of his superiors and can be discharged for any legitimate reason or even for no reason at all; however, he cannot be fired for exercising constitutionally protected rights unless some governmental interest outweighs the employee’s interest in exercising those rights. The McCormick case dealt with claims under 42 U.S.C. Sec. 1983. The issue of Mrs. George’s constitutional rights, and other such federal questions, are among the issues to be decided in her federal suit. We mention the McCormick case, however, because we believe it supports our interpretation of a governing authority’s administrative discretion to hire and fire non-civil service employees.
For the foregoing reasons, the judgment of the district court is affirmed, and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED AND REMANDED.