BOLIN, Judge.
The sole issue on appeal is whether the mayor and the board of aldermen or the elected chief of police has the authority to hire and fire police officers in a municipality organized and governed by the provisions of the Lawrason Act, Louisiana Revised Statutes 33:321, et seq. The lower court held the power was vested in the mayor and board of aldermen. We affirm.
Defendant, Stewart Marshall, was elected Chief of Police of the Town of Lake Providence in May 1974, and took office on July 1, 1974. Several years earlier Joe Lee Graham had been hired as a police officer by the Mayor and Board of Aider-men. In the latter part of July 1974, Marshall suspended Graham from the exercise of his duties as a policeman for a period of one week. Graham obtained a hearing before the Mayor and Board of Aldermen which body instructed Marshall to reinstate Graham. Marshall’s refusal to comply with this order caused Graham to file mandamus proceedings seeking to be reinstated to the police force and to receive back pay for the period during which he was not allowed to work. Following trial, judgment was rendered for plaintiff as prayed for and Marshall appeals.
Marshall relies on Louisiana Revised Statutes 33:423 which vests the chief of police with “general responsibility for law enforcement in the municipality”. Marshall contends this “general responsibility” must include the authority to hire and fire police officers; otherwise, the chief of police could not maintain efficiency in his department or discipline the officers. In support of his argument, appellant cites Lentini v. City of Kenner, 252 La. 413, 211 So.2d 311 (1968).
In Lentini, the Supreme Court struck down an ordinance which vested the police captain with control of personnel assignments and department property. The court held the ordinance divested the chief of police of his inherent powers and was therefore null and void.
Although Lentini does not deal with the power to hire and fire employees, appellant contends the “inherent authority” to assign personnel recognized in Lentini necessarily includes the authority of Marshall as the chief of police to hire and fire employees.
We cannot agree with appellant’s contention. Louisiana Revised Statutes 33.401A(30) and (31) state the mayor and board of aldermen shall have the power:
(30) To provide for municipal officers other than those required by this Part who may be found necessary; to prescribe the duties and fix the compensation of all officers and employees, subject to any applicable civil service law; and to require bonds with sureties for the performance of duties from all officers and employees.
(31) To provide for the removal of officers and discharge of employees for misconduct or neglect of duty, subject to' any applicable civil service law.
These provisions clearly vest the mayor and board of aldermen with the sole power to hire and fire employees unless that power is validly delegated to the chief of police. Chapman v. Bordelon, 242 La. 637, 138 So.2d 1 (1962) and Clement v. City of Westwego, 250 So.2d 115 (La.App. 4th Cir. 1971), writ refused 259 La. 809, 253 So.2d 67 (1971).
*709 This court recently upheld that portion of an ordinance which provided the “Chief of Police . . . shall have no authority to hire policemen . . . [hut] shall, however, make recommendations on the hiring of policemen to the Mayor and Board of Aldermen . . . ” We held this section of the ordinance adopted “what apparently is recognized procedure for the hiring of personnel by a municipality”. Cogswell v. Town of Logansport, 321 So.2d 774 (La.App. 2d Cir. 1975).
After this case arose, Louisiana Revised Statutes 33:402(4) was amended in 1975 as follows:
(4) To establish, regulate, and support night watch and police and define the duties thereof, subject to any applicable civil service law. However, in those municipalities governed by the provisions of R.S. 33:321 through R.S. 33:481, which have a chief of police elected by a majority of the qualified voters thereof, appointments of police personnel shall be made only upon the recommendation of the chief of police. Such nominations or recommendations are to be made irregardless [sic] of race, color, or creed. (Emphasis supplied)
The effect of the amendment is to restrict the theretofore plenary power of the mayor and board of aldermen in police employment matters. While the 1975 act is inapplicable to this case, it seems apparent the legislative intent was to take away a power which the mayor and board of aldermen previously had.
We hold that at the time of this suit the Mayor and Board of Aldermen of the Town of Lake Providence were vested with the sole power to hire and fire employees of the police department.
Judgment affirmed at appellant’s cost.