CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of the Town of Patterson, defendant-appellee, and against Murray J. Gros, plaintiff-appellant, dismissing appellant’s demand for back pay and benefits alleged as due because of the illegal termination of the appellant from his position as the Assistant Chief of the Patterson Police Department.
The Town of Patterson is incorporated and governed under the provisions of the Lawrason Act, R.S. 33:321 et seq., and does not have a Civil Service System.
On or about January 15, 1974, the appellant was either fired or indefinitely suspended by Jessie W. Paul, Patterson’s Chief of Police. The appellant’s pay was stopped by the Mayor of Patterson, Fred A. Mens-men, at the end of January, 1974. A resolution dismissing the áppellant was passed by the Patterson Board of Aldermen in June, 1974.
The appellant brought this action alleging that he was owed back pay and benefits from the time of his firing or suspension by Chief Paul until his dismissal by the Board of Aldermen. Following a trial on the merits the District Court held that the appellant had not been illegally terminated and dismissed his suit.
The appellant contends that:
1. The lower court erred in concluding the Chief of Police Paul had the inherent power to terminate the plaintiff as Assistant Chief of Police of the Town of Patterson. Further, the lower court erred in concluding that plaintiff was only indefinitely suspended and not terminated by Chief Paul.
2. The lower court erred in not awarding damages to the plaintiff in the sum of $4,264.45 with interest from date of judicial demand and for all costs.
The District Court found that the appellant was indefinitely suspended by Chief Paul. Under R.S. 33:423 the marshal is the chief law enforcement officer of the Town and as such has supervision of the police department with the authority to control property and assign personnel. Lentini v. City of Kenner, 252 La. 413, 211 So.2d 311 (1968). We are of the opinion that the authority to control property and assign personnel includes the power to suspend. Chief Paul, as the chief law enforcement officer of the Town of Patterson, had the authority to suspend the appellant.
The holding of the Court in Graham v. Marshall, La.App., 333 So.2d 707 (2nd Cir. *136 1976), may be distinguished from the present case because as was stated by the Court in Graham:[1]
“The sole issue on appeal is whether the mayor and the board of aldermen or the elected chief of police has the authority to hire and fire police officers in a municipality organized and governed by the provisions of the Lawrason Act, Louisiana Revised Statutes 33:321, et seq.”
In the present case it is the authority to suspend which is at issue.
The appellant took no formal action against his suspension until after his discharge by the Board of Aldermen. At that time he brought this action to recover lost wages and benefits. The appellant is not entitled to recover wages for the period he was legally suspended and not performing the duties of Assistant Chief of Police.
For the above reasons, the judgment appealed from is affirmed. Cost to be paid by appellant.
AFFIRMED.

. If the holding in the Graham case is interpreted to be contrary to our holding herein, we would then disagree with the holding in the Graham case.