Dear Marshal Stanford:
This office is in receipt of your request for an opinion of the Attorney General in regard to your status as Town Marshal. You ask for an opinion of this office stating that the Town Marshal of Plain Dealing is the same as Chief of Police, and you indicate you believe that this office has already given an opinion stating this.
Chapter 2 of Title 33 is entitled "Local Government". Thereunder is R.S. 33:321 which provides that all municipalities shall be governed by the provisions of that Part "except those municipalities governed by a special legislative charter, a home rule charter or plan of government". Following R.S. 33:321 the functions of the mayor and board of aldermen are set forth, and then comes the functions of other municipal officials. Included in this part is R.S. 33:423 which provides as follows:
 The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, or creed. (Emphasis added.)
This office stated long ago that it was apparent from this provision of law "that a town marshal is also a chief of police", Atty. Gen. Op. 1942-44, P. 379, and has reiterated this over the years, Atty Gen. Op. Nos. 97-246, 84-242. These observations are consistent with the statement of the Court in Gros v. Town ofPatterson, 345 So.2d 134 (La.App 1977). Therein the Court stated as follows:
 Under R.S. 33:423 the marshal is the chief law enforcement officer of the town and as such has supervision of the police department with the authority to control property and assign personnel.
However, these statements are only applicable to a Lawrason Act Community whereas our research indicates that the Town of Plain Dealing operates under a Special Charter of 1890 pursuant to the authority of Act 49 of 1882, "to prescribe the manner in which cities and towns may obtain charters or acts of incorporation." Under that Act, upon petition of a majority of property tax payers, there was an election for Mayor and Five Councilmen. The elected and commissioned mayor and council then prepared a charter for submission to the electors which, upon favorable vote, became the charter of the town. It is our understanding that Section 27 of the charter provides for a marshal to be elected every two years.
Accordingly, your Charter will govern the status, power and duties of the Marshal, and statutes, court decisions, and opinions of this office relative to a Lawrason Act Community are not controlling.
In our telephone conversation you have asked if the position of the Marshal as Chief of Police could be clarified by amendment to the Charter, and we would respond affirmatively. While an ordinance may be sufficient for your concerns, amendment of the charter would be pursuant to R.S. 33:1181 as observed in Atty. Gen. Op. No. 97-42. The office stated that R.S. 33:1181 "applies to all municipalities existing prior to July 29, 1898 with a population of 200,000 or less which are not a Lawrason Act municipality." That statute provides as follows:
 When a municipality existing prior to July 29, 1898, and having a population of two hundred thousand or less, which has not come under the provisions of Part I of Chapter 2 of this Title, desires to amend its charter, the same may be done in this way: The municipal governing body may prepare, in writing, the desired amendments, have the same published for three weeks in a newspaper published in the municipality, if there be one, and, if none, then by posting for said time in at least three public places therein; the proposed amendments shall then be submitted to the governor, who shall submit them to the Attorney General for his opinion. If the Attorney General is of the opinion that the proposed amendments are consistent with the constitution and laws of the United States and of this state, including Part I of Chapter 2 of this Title, the Governor shall approve the proposed amendments. If, within thirty days after publication, one-tenth of the electors of the municipality protest against any proposed amendment, the Governor shall not approve the amendment protested against until it is submitted to and ratified by a majority of the electors of the municipality at an election held within sixty days after the protest has been made.
 Amendments, when approved by the Governor, shall be recorded at the expense of the municipality, in the office of the Secretary of State and upon the records of the municipal governing body, and, when so recorded, shall have the force and effect of law.
Our research further indicates that your town is in a unique position. We find no other municipality in the state operating under a "special charter" enacted prior to July 29, 1898 as distinguished from a legislative charter or home rule charter. In connection with this situation, we note that the provisions of Art. 6, Sec. 2 La. Const. are applicable to "a special legislative charter" existing on the effective date of the constitution, and Art. 6, Sec. 4 refers to "every home rule charter or plan of government existing or adopted when this constitution is adopted." Because of its singular characteristic of operating under a special charter adopted by the citizens in 1890, Plain Dealing does not specifically fall within either of these provisions.
Accordingly, it appears that the provisions of R.S. 33:1181 must be followed if an amendment of your charter is desired, and, as set forth in Atty. Gen. Op. No. 97-42, as attached, this will require compliance with the Lawrason Act.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR