Dear Mr. La Fleur:
On behalf of the mayor of Ville Platte, you have requested a legal opinion of the attorney general and ask what is the scope of the disciplinary authority of the Mayor of Ville Platte over police officers or other members of the police department. You inform us that Ville Platte is a Lawrason Act municipality and that the chief of police is an elected official.
Specifically, you ask three questions:
 1. If the chief of police is elected, does La.R.S. 33:423.4 give the chief the sole discretion to discipline his officers and staff?
 2. Does the city of Ville Platte or the mayor of a city governed by the Lawrason Act have any authority to discipline a police officer or employee of the police department?
 3. Does La.R.S. 33:404 apply to Ville Platte?
You raise these questions because attorney general opinion number 84-956 declared that special civil service legislation applicable only to the city of Kaplan gave concurrent authority to the mayor and board of aldermen of that municipality to take such disciplinary action and concluded that the act appears only to give the mayor and board of aldermen the permissive authority, concurrent with that already given to the chief of police, to discipline police personnel. However, you could not provide us with any (and there does not appear to be any) special civil service legislation for the city of Ville *Page 2 
Platte granting any such authority to the mayor or board of aldermen in addition to what the Lawrason Act, as amended, now provides. Such answers your second question.
As a part of that act appearing in the Revised Statutes of 1950, as amended, R.S. 33:423(A) provides, in pertinent part,
 In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he [an elected chief of police] shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel.
But, then, R.S. 33:423.4 provides more specifically for only the city of Ville Platte and reads, in pertinent part:
 Notwithstanding any other provision of law to the contrary, in and for the city of Ville Platte, the chief of police shall be authorized to take whatever steps are necessary to effect disciplinary action concerning police personnel, including but not limited to the suspension of police personnel.
In our opinion, R.S. 33:423(A) states the general rule of law for Lawrason Act municipalities — i.e., the mayor and board of aldermen have the power and authority to discipline police personnel, and the chief of police only makes recommendations to them. The case of Grant v. Grace, 2003-2021 (La. 4/14/04), 870 So.2d 1011, confirms that, under this particular statutory provision, the final authority for deciding on the discipline of police personnel, after receiving the chief's recommendation, is the board of aldermen.
However, it is also our opinion that R.S. 33:423.4 provides a specific exception to this general rule of law for the city of Ville Platte. In our opinion, R.S. 33:423 provides that the board is the authority to discipline police personnel and that the chief of police can only make recommendations; in R.S. 33:423.4, it provides that the chief is the authority to discipline police personnel without having anyone else to make mere recommendations to. When two statutes provide conflicting language, the statute that is more specifically directed to the matter at issue must prevail as an exception to the statute that is more general. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La. 1980);Pumphrey v. City of New Orleans, 2005-979 (La. 4/4/06), 925 So.2d 1202. Because R.S. 33:423.4 is directed specifically to the city of Ville Platte, it establishes the rule of law applicable to that particular city, notwithstanding the general rule of law established by R.S. 33:423
for other Lawrason Act municipalities. Such is the express language of R.S. 33:423.4 and reveals the legislature's intent to reverse the usual situation for the city of Ville Platte. *Page 3 
Hence, our conclusion is that, in the city of Ville Platte, the elected chief of police has the sole discretion to discipline police personnel, up to and including suspension. However, the board, with the mayor's approval, in our opinion, retains the powers of hiring and dismissing, since those powers were left intact by R.S. 33:423.4, which did not mention them or except them from the usual rule. [It should be noted that the Board must follow its civil service "policies and procedures regulating the employment of municipal employees, including the hiring and firing of such employee" as established by R.S. 33:362(A)(3).]
As to your third question, R.S. 33:404 provides for the powers and duties of the mayor of a Lawrason Act municipality. This statute is certainly applicable generally to the city of Ville Platte, but it does not help the mayor of Ville Platte with respect to disciplining police personnel. In that particular statute, wherever it grants the mayor some power over municipal employees generally, it also excepts the police department with an elected chief of police. For example, it provides that the mayor of a Lawrason Act municipality has the power to supervise and direct the administration and operations of all municipal departments, "other than a police department with an elected chief of police," R.S.33:404(A)(1). It also provides that a mayor has the power, subject to any applicable law, ordinance, and/or civil service rules, to appoint and remove municipal employees, "other than the employees of a police department with an elected chief of police," R.S. 33:404(A)(3).
We trust that this opinion has adequately answered your request, but if you have any further questions, please contact us with them. With warmest regards, we remain
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: __________________________
 THOMAS S. HALLIGAN
 Assistant Attorney General
 JDC/TSH/sfj *Page 1 
OPINION NUMBER 84-956
Mr. Bennett R. Lapoint Attorney at Law 220-A Arthur Avenue Lake Arthur, Louisiana 70549
Dear Mr. Lapoint:
You requested an opinion from this office concerning the authority of the Chief of Police for the City of Kaplan to suspend police personnel without the prior consent of the mayor and board of aldermen. You stated that the City of Kaplan is a Lawrason Act municipality governed by LSA-R.S.33:423, the applicable statute which addresses the authority of the Chief of Police. This statute has been interpreted by the courts to give a Lawrason Act Chief of Police the inherent authority to suspend police personnel. Gros v. Town of Patterson, 345 So.2d 134 (La.App. 1st Cir. 1977). You then stated that the City of Kaplan is also governed by a Civil Service Act which gives the mayor and board of aldermen the authority to discipline municipal employees. You asked whether the Lawrason Act or the Civil Service Act determines who has the authority to suspend police personnel.
Section 21 of the Civil Service Act provides:
 Section 21. Removals, Suspensions, Other Corrective and Disciplinary Actions. A. The tenure of persons who have become regular and permanent employees in positions of the classified service shall be during good behavior; provided, however, that the appointing authority may remove any employee from service, or take such disciplinary action as the circumstances may warrant . . . *Page 2 
Appointing Authority is defined by the Act to be the mayor and board of aldermen for the City of Kaplan. According to the act, the mayor and board of aldermen may remove any municipal employee or take such disciplinary action as the circumstances warrant. LSA-R.S. 1:3 defines the term "may." It provides:
 "The word `shall' is mandatory and the word `may' is permissive." (Emphasis added.)
In reading the pertinent provisions, it appears that while the Civil Service Act for the City of Kaplan gives the mayor and board of aldermen the permissive authority to suspend police personnel, it does not give them the exclusive authority. In reading the act, I see no specific language which repealed LSA-R.S. 33:423 or its jurispridential interpretation. Thus, the act appears to only give the mayor and board of aldermen the permissive authority, concurrent with that already given to the chief of police, to suspend police personnel. Being a permissive authority, it may be used at the discretion of the mayor and board of aldermen.
In conclusion, it is the opinion of this office that there is no conflict between the Lawrason Act and the Civil Service Act for the City of Kaplan.
It is hoped that this opinion has been of some assistance to you. If we may be of any further assistance, please feel free to contact us.
 Very truly yours,
 WILLIAM J. GUSTE, JR.
 Attorney General
 BY: __________________________
 CASSANDRA A. SIMMS
 Assistant Attorney General
 CAS/vf